## HACKETT V. GUNDERSON.

1. An appeal before judgment from an order refusing to set aside a verdict, and to grant a new trial on the ground of insufficiency of the evidence, and from a subsequent order refusing the same relief on the ground of newly discovered evidence, is a double appeal, and will be dismissed on motion.
2. An appeal from the judgment might bring up both of said orders for review as intermediate orders involving the merits, and necessarily affecting the judgment, but the orders themselves, each being the subject of an independent appeal, cannot be thus united before judgment in a single appeal.

(Syllabus by the court. Argued Nov. 10, 1890. Opinion filed Jan. 10, 1891.)

Appeal from district and circuit courts, Jerauld county.

Motion to dismiss appeal on the ground of duplicity. Allowed.

*Albert Gunderson* for appellant.

*N. B. Reed* for respondent.

KELLAM, J.   This case was originally tried in the district court for Jerauld county, resulting in a verdict for plaintiff. Defendant moved to set aside the verdict on the ground of the insufficiency of the evidence, and for a new trial. This motion was denied by the court, February 23, 1889, Hon. BARTLETT TRIPP, Judge. Afterwards, defendant moved the circuit court, as the successor of said district court, no judgment having been entered on said verdict, as appears by the record, to set aside said verdict, and for a new trial on the ground of newly discovered evidence, which motion was also denied by said circuit court on the 19th day of January, 1890. Hon. D. HANEY, Judge. This appeal is from both of said orders. Respondent moves to dismiss the same on the ground of duplicity, that each of said orders being the subject of an independent appeal, they cannot be thus combined and brought up for review upon a single appeal. If this appeal had been after judgment, and from the judgment, no doubt either or both of these orders might have been brought up for review on such appeal. Being made before judgment, they would be reviewable on appeal from the judgment as intermediate orders involving the merits and nec-

essarily affecting the judgment, (Section 5237, Comp. Laws,) but the orders themselves, each being the subject, under our statute, of a separate appeal, cannot be thus united and made the subject, before judgment, of one appeal. This rule appears to be well established in Wisconsin, from which state our statute on appeals is taken. Sewing Machine Co. v. Gurnee. 38 Wis. 533; Ballou v. Railroad Co., 53 Wis. 150, 10 N. W. Rep. 87. The appeal is dismissed. All the judges concurring.