## BROOKS *et al.* v. BIGELOW.

Under Comp. Laws, Sec. 5216, providing that appeal must be "within sixty days after written notice of the order shall have been given the party appealing," it is not necessary that notice of "entry" of the order be given to set in operation the 60 days limitation.

(Opinion filed Aug. 5, 1896.)

Appeal from circuit court, Day county.    Hon. A. W. CAMPBELL, Judge.

Action by Brooks Bros. against E. W. Bigelow. From an order overruling a motion to vacate a default judgment, defendant appeals.    Appeal dismissed.

The facts are stated in the opinion.

*Frank Sears* and *J. H. McCoy*, for appellant.

*Josephus Alley* and *E. W. Taylor*, for respondents.

FULLER, J.    On the 16th day of October, 1894, an order overruling a motion to vacate and set aside a default judgment was obtained in circuit court, and though not filed and entered as a record of said court until the 5th day of April, 1895, due service thereof was regularly admitted by counsel for both parties to the action on the first day of February immediately preceding. At the time the order under consideration was granted counsel for appellant received the same, and retained actual possession thereof for more than three months. As nothing was done towards taking an appeal from said order until the 9th

day of August, 1895, more than six months after formal notice thereof was given, as shown by the admitted service of appellant, a motion is made in this court by counsel for respondents for an order dismissing the appeal, on the ground that the same was not taken within sixty days after appellant received written notice of the order appealed from. Sec. 5216 of the Compiled Laws provides that "the appeal to the supreme court must be taken within sixty days after written notice of the order shall have been given to the party appealing." The statutory mode of taking an appeal being mandatory, must be strictly complied with; and, as the notice of appeal is jurisdictional, it must be served within the time and in the manner provided by statute, or no appeal can be perfected. Gold Street v. Newton, 2 Dak. 39, 3 N. W. 311. That counsel for appellant obtained the order, and retained it in their possession until called upon to accept formal service thereof, and that more than 60 days elapsed after such notice and the entry and filing of the order before the appeal was taken, is not disputed; but it is maintained on behalf of appellant that service of an order, without written notice of its entry, is insufficient to set in operation the 60 day statutory limitation, and that, in the absence thereof, an appeal from an order may be taken at any time. Our attention has been called to no statutory provision, and we find none, that modifies the clear and explicit language of Sec. 5216, requiring the appeal to be taken "within sixty days after written notice of the order shall have been given to the party appealing"; and the authorities upon which counsel for appellant rely to support their view are based upon statutes which expressly limit the time of taking the appeal to a specified number of days from the date of the service of written notice, not only of the order itself, but written notice of the entry of the same. The time when, and place where, appellant received due notice of the order under consideration, are conclusively proved by the written acknowledgement and admission of service, placed there by his attorneys; and, as more than 60

days elapsed thereafter before an appeal was attempted, this court has acquired no jurisdiction, and the appeal is of no force or effect. The legislature, appreciating the necessity of a speedy adjustment of the rights of litigants, has expressly limited the time of taking an appeal; and it is not within the limit of our judicial power to extend the statutory period, nor consider a case upon its merits that is not before us. Respondents' motion is sustained, and the appeal is dismissed.