ANDERSON v. HULTMAN.

1. Where one of three of respondent's attorneys is admitted to practice in the supreme court, a motion to srike out the motion to dismiss

the appeal, the additional abstract on the part of respondent, and his brief, on the ground that two of the attorneys are not admitted to practice in the supreme court, will be denied, as the court will presume that the one admitted was duly authorized to appear, in the absence of proof to the contrary.

2. An appeal cannot be taken from two separate and distinct appealable orders.

3. Where it affirmatively appears by the abstract that oral evidente was admitted on the hearing of the order appealed from, which is not incorporated in a bill of exceptions settled by the court or judge, the appeal will be dismissed.

(Opinion filed September 2, 1899.)

Appeal from circuit court, Brule county.    Hon. FRANK B. SMITH, Judge.

Defendant appeals from an order refusing to vacate an attachment and an order denying a motion to vacate and set aside the summons.    Appeal dismissed.

The facts are stated in the opinion.

*I. N. Auld, S. H. Wright,* and *B. C. Huddle,* for appellant.

*E. L. Drury* and *John A. Stroube,* (*James Brown,* of counsel) for respondent.

CORSON, P. J.    This purports to be an appeal from two orders,—one made on the 11th day of July, 1898, refusing to vacate an attachment, and the second made on the 13th day of August, 1898, denying the motion to vacate and set aside the summons in the said action.    The statement in the abstract of the notice of appeal is as follows: "On the 28th day of August, 1898, the appellant served notice of appeal from the said orders, and the whole of both of them, upon plaintiff's attorneys and the clerk of said court, and upon the same day perfected his appeal from said orders, and the whole of both of

them, by serving and filing a duly executed, justified, and approved undertaking on appeal." The respondent moved to dismiss the appeal upon the following grounds: (1) That the whole of the record in the court below, upon which the orders were based, has not been transmitted to this court; and (2) because this is a double appeal, being an appeal from two separate and distinct orders, each of which is the subject of a separate appeal, the appellants made a counter motion to strike out the motion to dismiss the appeal, additional abstract on the part of the respondent, and his brief, on the ground that neither Mr. E. L. Drury nor Mr. John A. Stroube, who appear as attorneys for respondent, had ever been admitted to practice in the supreme court of this state. The notice of motion to dismiss the appeal and the brief appear to be signed by Messrs. Drury and Stroube as attorneys for the respondent, and by James Brown, Esq., who signs himself "of counsel." While it may be true that Messrs. Drury and Stroube were not attorneys of this court when the notice of motion was served. Mr. Brown, who appears as counsel, was such an attorney, and the court will presume that he was duly authorized to appear for the respondent. in the absence of proof to the contrary. The motion, therefore, to strike out the motion to dismiss the appeal, additional abstract, and brief, is denied: It may be proper to state that both Mr. Drury and Mr. Stroube were entitled to be admitted as attorneys of this court when they moved to dismiss the appeal, and about the time the motions in this case were heard they were duly admitted.

That the appeal was attemped to be taken from two separate, distinct and appealable orders clearly appears from the appellant's abstract and his notice of appeal. Both of the

orders appealed from being appealable orders, under the decision in Hackett v. Gunderson, 1 S. D. 479, 47 N W. 546, the appeal mustbe dismissed. But, even if this were not so, this appeal would have to be dismissed for the reason that it affirmatively appears by the abstract that there was oral evidence admitted on the hearing of one or both of the orders, not incorporated in a bill of exceptions settled by the court or judge. Implement Co. v. Porteous, 7 S. D. 34, 63 N. W. 455. The ap peal is therefore dismissed.