## KOUNTZ v. KOUNTZ *et al.*

1. An appeal from a judgment, and from an order denying a new trial made after entry of judgment, will not be dismissed, as being a double appeal.

2. Where the evidence is not brought up for review, the question whether the facts sustain the judgment must be determined from the findings of the court.

3. Where, in a suit to quiet title, the evidence is not brought up for review, and the findings of fact as to the ownership were irreconcilably in conflict, the decree of the trial court could not be sustained.

HANEY, J., dissenting.

(Opinion filed October 2, 1901.)

Appeal from circuit court, Bon Homme county. HON. E. G. SMITH, Judge.

Suit by William J. Kountz, as executor of the last will of Peninah W. Kountz, deceased, against John T. Kountz and another. From a decree in favor of the defendants, complainant appeals. Reversed.

*C. J. B. Harris,* for appellant.

*W. T. Willaims,* for respondents.

FULLER, P. J. This appeal is from a judgment quieting in the defendant John T. Kountz the title to certain real estate, and from an order thereafter entered overruling a motion for a new trial.

Upon the authority of Hawkins v. Hubbard, 2 S. D. 631, 51 N. W. 774, and all subsequent cases involving the point, we decline to entertain respondents' motion to dismiss, based solely on the ground that an appeal from a judgment and from an order denying an application for a new trial, made after the entry of judgment, constitutes a double appeal.

The evidence not being presented, the question whether the facts sustain the judgment must be determined from the findings of the court, and, in considering the question, it will be assumed, but not decided, that respondents are sustainable in the contention that the findings of fact stated with and as a part of the conclusions of law must be accepted and treated as valid findings of fact. According to this view and the stipulation of counsel, it was found "that on the 12th day of September, A. D. 1885, Peninah W. Kountz was the owner in fee simple of the premises described in the amended complaint; (2) that the said Peninah W. Kountz, being such owner in fee simple thereof, the defendant John T. Kountz, afterwards on the said 12th day of September, 1885, entered into and took possession of said premises, and has withheld from the said Peninah W. Kountz and the plaintiff the possession thereof from the said last-mentioned date to the present time; (3) that the defendant John T. Kountz took and held such possession under color of title adversely to the claim of the said Peninah W. Kountz and the plaintiff, in good faith, to-wit, under an alleged tax deed for the taxes for the year 1879, referred to in paragraphs 2 and 5 of the amended reply, which deed was recorded in Book 'F' of Deeds, of page 189, in the office of the register of deeds of said county, February 9, 1883; (4) that the value of the permanent improvements made by said defendant John T. Kountz upon said land while so in possession of the same, is $160; (5) that the value of the said land, aside from the

improvements thereon is $1,600;   (6) that the   damages sustained
by the said Peninah W. Kountz and the plaintiff, for the withhold-
ing of said land from them by the said defendant John T. Kountz,
from the 9th day of March, A. D. 1892 (six years prior to the com-
mencement of this action) to the present time, is $500."   Certain
paragraphs of respondents' amended reply relate to the alleged tax
deed under which the defendant John T. Kountz entered into and
took possession of the premises under color of title adversely to
Peninah W. Kountz,. who was at the time owner in fee simple and
such allegations, referred to in finding of fact No. 3, are as follows:
"(2) And this plaintiff further states that the said defendant Kountz
never entered into the possession of the land described in the com-
plaint, or any part thereof, in good faith, or held or attempted to
hold the same or any part thereof under any title whatever, but was
a mere tresspasser under an alleged tax deed void on its face;   *   *

   * (5) that the tax deed mentioned in said counterclaim is void
on its face, for the following reasons:   (a) There is no statement
therein that said lands have been offered at public sale for taxes,
but not sold for want of bidders.   (b) The said treasurer did not
affix his official seal to said deed.   (c) There is a statement therein
that five distinct and separate tracts of land were exposed for sale
and sold to said Sterling, at private sale, as one tract or parcel, for
a gross consideration.   (d) It does not appear from said deed that
the tax sale, for the delinquent taxes for the year 1879, had closed,
nor that the said treasurer had made his return thereof to the county
clerk, as required by law, prior to the purchase at private sale, men-
tioned in said counterclaim.   (e) It does not appear from said deed
that the said sale was made at the office of the said treasurer."   In
the agreed statement of the case it is recited that "the tax deed re-
ferred to in said pleadings was not introduced in evidence, nor was

any other tax deed, nor any evidence of any proceedings prior to the alleged tax sale, and there was no evidence relating to any such matters except such as is contained in the said pleadings.   There was no evidence to.show that the said land had not been duly and legally redeemed from the alleged tax sale, nor any evidence whatever on the· subject;" and yet the court in substance found, in addition to the foregoing findings of fact, that all proceedings of the taxing officers were regular, the tax deed valid and sufficient to vest in the respondent John T. Kountz a fee simple title to the premises; and the judgment was entered in his favor accordingly.   It will therefore be seen that the findings are to the effect that both parties were owners of the premises in fee simple on the 12th day of September, A. D. 1885; that, by reason of the fact that John T. Kountz on the day last above mentioned wrongfully entered into and took possession of the premises and has withheld the same to the present time, Peninah W. Kountz has sustained damage to the amount of $500. Manifestly the ownership of the property is the controlling point, and it is impossible to determine the rights of the parties from findings irreconcilably in conflict with each other.   Both findings as to ownership cannot be true; and, being directly antagonistic, we cannot say which, if either, is correct.   It is well settled, both upon reason and authority, that a judgment cannot be sustained where the findings are contradictory upon a material point.   Manly v. Howlett, 55 Cal. 94; Reese v. Corcoran, 52 Cal. 495; Hayne, New Trial App. 242. Whether the findings of fact in favor of appellant, to which both parties appear to have assented, are sufficient to sustain the judgment, independently of the findings of fact contained in the conclusions of law upon which the respondents recovered, need not be determined.

The judgment appealed from is reversed, and a new trial ordered.

HANEY, J., dissents.