## McVay v. Bridgman *et al.*

1. Where an appeal from an order denying a new trial is taken with an appeal from a judgment rendered before the order was made, the two constitute but one appeal, and the appeal from the order is not subject to dismissal under Rev. Code Civ. Proc. § 442, providing that "the appeal to the Supreme Court must be taken within sixty days after written notice of the order shall have been given to the party appealing; every other appeal must be taken within two years after the judgment shall be perfected, by filing the judgment roll."

2. The court will generally refuse to dismiss an appeal because the appellant's brief does not comply with the requirements of the Supreme Court rule requiring it to refer to the portions of the abstract on which he relies to sustain the points made by him in his brief, but will permit the brief to be amended on payment of a reasonable attorney's fee to the opposing party.

3. An appeal will not be dismissed because the abstract and brief are not printed in the manner prescribed by Sup. Ct. Rule No. 18, as the rule itself fixes the penalty for failure to comply therewith as a denial of costs for printed matter not in the required form.

(Opinion filed Nov. 11, 1903.)

Appeal from circuit court, Bon Homme county. Hon. E. G. Smith, Judge.

Action by William McVay, as administrator of the estate of Timothy O'Brien, deceased, against Hosea Bridgman and others. Judgment for plaintiff, and defendants appeal. Motion to dismiss appeal. Motion denied.

*N. J. Cramer* and *Elliott & Stilwell*, for appellants.

*Gamble, Tripp & Holman*, for respondent.

Corson J. This case comes before us on two preliminary motions. The first is to dismiss the appeal as to the order denying the new trial on the ground that the appeal from such

order was not taken within 60 days after the notice of the entry of the order. The judgment in this case was rendered on the 9th day of September, 1902, and subsequently a motion for a new trial was made and denied, and on the 15th day of Decem ber, notice that the order denying the new trial had been en tered was served upon the respondent, and on the 17th day of February, 1903, a notice of appeal from the judgment and order denying a new trial was duly served and filed. It will thus be seen that the notice of appeal from the order denying a new trial was taken more than 60 days after the entry of the order and notice thereof, and therefore the question is clearly pre sented for our determination whether or not an appeal from an order denying a new trial, made after judgment, and taken with an appeal from the judgment, must be taken within 60 days after the entry of the order and notice of the same shall have been served upon the opposite party. While this ques tion has been raised in several cases in this court it has not been heretofore decided, for the reason that the appeals in those cases were disposed of on other grounds and the decision of the question before us was not deemed necessary.

It is contended by the repondent that the order denying the new trial comes within the class of orders mentioned in sec tion 442 of the Revised Code of Civil Procedure, which reads as follows: "The appeal to the Supreme Court must be taken within sixty days after written notice of the order shall have been given to the party appealing; every other appeal must be taken within two years after the judgment shall be perfected, by filing the judgment roll;" and that no appeal therefore, lies from such order after the lapse of 60 days from the entry and notice of the order. The appellants, on the other hand, con

tend that an appeal from an order denying a motion for a new trial taken in connection with the judgment.constitutes but one appeal, and is in effect an appeal from the judgment—the appeal from the order being an incident to the appeal from the judgment; and hence that the appeal from the order in connection with the judgment may be taken at any time within two years, as prescribed for an appeal from the judgment. We are inclined to agree with the appellants in this contention, and to treat the appeal, though including both the judgment and order, as constituting in effect but one appeal. This view is not only sustained by the former decisions of this court, but seems to follow as a natural conclusion therefrom. In the case of Hawkins v. Hubbard, 2 S. D. 631, 51 N. W. 774, this court held that an appeal from the judgment and from an order over ruling a motion for new trial made after judgment, would not be dismissed as a double appeal holding, in effect, that the appeal from the judgment and from the order taken together at the same time by the same notice and upon one undertaking was in effect but one appeal. This view was approved in Williams v. Williams, 6 S. D. 284, 61 N. W. 38, and in Kountz v. Kountz, 15 S. D. 66 87 N. W. 523. It is true that in neither of these cases did the court in terms say that the appeal from the judgment and the order denying a new trial taken in one notice of appeal constituted but one appeal, but the effect of those decisions leads clearly to such a conclusion, as this court had held in the early case of Hacket v. Gunderson, 1 S. D. 479, 47 N. W. 546, that an appeal from two independent orders constituted a double appeal. And hence, if the appeal from the judgment and from the order denying the new trial did not, in effect, constitute one appeal, the appeal in those cases should have been

held to constitute double appeals, and dismissed, under the authority of Hackett v. Gunderson, supra.

The conclusion we have arrived at that the appeal from the judgment and order denying a new trial made after judgment practically constitutes but one appeal, and should be so construed by this court, is further strengthened by the decision of this court holding that an appeal from an order denying a new trial before judgment is not necessary, as the order will be reviewed on appeal from the judgment as an intermediate order, and that the limitation of sixty days in which an appeal from an order may be taken has no application to such an order made and determined before judgment when an appeal is taken from the judgment and the making of such order is assigned as error. Granger v. Roll, 6 S. D. 611, 62 N. W. 970. No good reason has been or can be suggested why an order denying a new trial made before judgment may be reviewed on appeal from the judgment after the 60 days have elapsed, and an appeal from an order made after judgment denying a new trial should be made within 60 days after the entry and notice of the order when such an appeal is taken in connection with the judgment. This, in effect would be giving the trial court the power to abridge the right of a party to appeal by denying him an extension of time before judgment in which to make his motion for a new trial. We are clearly of the opinion that the Legislature could never have intended that the rights of a party to the benefits of an appeal should be dependent upon the discretion of a trial judge in granting or refusing a stay of proceedings for the purpose of making a motion for a new trial. In many cases an appeal from the judgment would be of little avail to the appellant unless he could have a review of

the order denying a new trial.   Under the theory of the counsel for the respondent, appellants must take their appeal from the order within 60 days after the entry of the order and notice thereof or their right to have the order reviewed by the appellate court would be lost.   We are of the opinion that we are not required, taking into consideration the various sections of the Code governing new trials and appeals, to place upon the provisions of the Code such a construction as that contended for by the respondent.   As before stated, we have virtually held that an appeal from an order made after judgment and the appeal from the judgment taken in the same notice of appeal and upon one undertaking is practically an appeal from the judgment, and in now holding in this case that the appeal from the order after judgment so taken in connection with the judgment constitutes but one appeal, and that the order may be reviewed notwithstanding more than 60 days elapsed after the entry and notice of the same before the appeal was taken, we are following the previous decisions of this court, and that any other ruling would be in conflict therewith.   The decisions referred to from California and Wisconsin furnish but very little aid to the court in the solution of the question we are considering, as the Legislature of California has made a special provision for appeals from orders denying a new trial as follows:   "An appeal may be taken; (1)   From a final judgment in an action or special proceeding commenced in the court in which the same was rendered within one year after the entry of judgment.   But an exception to the decision or verdict on the ground that it is not supported by the evidence, cannot be reviewed on an appeal from the judgment, unless the appeal is taken within sixty days after the rendition of the judgment."

And the statute of Wisconsin contains provisions not contained in our Code. These views lead to the conclusion that the. motion to dismiss the appeal as it effects the appeal from the order denying a new trial must be denied.

It will be observed that in this opinion we have not discussed the question of an appeal from an order granting a new trial or an order refusing a new trial in which an appeal is not taken in connection with the judgment. As to the time for appealing from these orders, and as to whether or not they are included within the class of orders specified in section 442 of the Code, we express no opinion at this time.

The second motion to dismiss the appeal is based upon the grounds: (1) That the index to the abstract does not comply with the requirements of rule 14 of this court; (2) that appellants' brief fails to refer to the portions of the abstract on which they rely to sustain the points made by them in their brief; and (3) that the abstract and brief are not printed in the manner prescribed by rule 18. The first ground is not sustained, as the index to the abstract is sufficient under the rule. The second ground seems to be sustained, but this court has generally refused to dismiss an appeal upon this ground where a reasonable excuse has been shown, and has permitted the brief to be amended so as to conform to the rule, upon payment of a reasonable attorney's fee to the opposing party. While the reasons stated by counsel in his affidavit for a failure to comply with the rule is not entirely satisfactory, we shall allow him to make the amendments in his brief necessary to make it comply with the rule upon paying to the respondent within 30 days the sum of $10 and serving upon him his brief as so amended, the respondent to have 30 days after such service in which to serve

and file an amended abstract and brief.    The motion will be denied as to the third ground mentioned for the reason that the rule fixes the penalty for a failure to comply with the same to be a denial of costs for printed matter which is not in the form required by rule 18.

The application of the appellants for leave to amend their brief is granted; and the motion to dismiss is denied, with leave to the respondent to renew the same in case of failure on the part of the appellants to make and serve an amended brief and pay the attorney's fee herein imposed.