## GORDON v. KELLEY, et al.

An appeal, taken by one notice of appeal and undertaking from a default judgment and from an order overruling a motion to vacate the judgment and for leave to answer, is a double appeal, and will be dismissed.

Haney, J., dissenting.

(Opinion filed, Sept. 13, 1905.)

Appeal from Beadle County Court. Hon. CHARLES S. WHITING, Judge.

· Action by W. A. Gordon against C. A. Kelley and another. From a default judgment for plaintiff, and from an order denying a motion to vacate it and for leave to answer. Defendants appeal. Dismissed.

*Kelley & Chamberlain* and *A. W. Wilmarth,* for appellants. *T H. Null,* for respondent.

CORSON, P. J. This case comes before us on an order to show cause why the appeal should not be dismissed upon the grounds (1) that the appeal is from a judgment and order that cannot be united in one appeal; (2) that the appeal is from a judgment by default, and no application was made to the court below for relief on the ground of any error or irregularity in the judgment or the entry thereof; (3) that the order sought to be appealed from was an order in the appellant's favor, and one resting entirely in the discretion of the trial court; (4) that the undertaking is insufficient, either as an undertaking on an appeal from the judgment or an appeal from the order, and is insufficient as an undertaking on a double appeal from said judgment and order.

It appears from the affidavit, upon which the order to show cause was based, that the judgment in the action was rendered by default on the 2nd day of December, 1904; that thereafter said judgment was duly docketed and entered in the office of the clerk of the circuit court for Beadle county; that thereafter, on the 16th day of February, 1905, the cause came on for hearing before said circuit court on the application of the defendants for relief. from the default and for leave to answer, and that court, after a full hearing, made an order granting the defendants leave to answer upon certain terms and conditions in said order provided; that thereafter,.

on the 20th day of February, 1905, the defendants served a notice of appeal to the Supreme Court, and also served and filed an undertaking on appeal, and thereupon caused the record in this case to be transmitted to and docketed in this court. The notice of appeal, as appears from an inspection thereof, purports to be an appeal from the judgment and also from the order overruling the defendant's motion to open up and vacate the said judgment in this action and allow the defendants to answer the complaint, and from the whole of said judgment and order. As an appeal lies from the judgment, and the order appealed from is an appealable order, the attempted appeal in this case constitutes a double appeal, or, in other words, an attempt to take two appeals by one notice of appeal and undertaking on appeal. Such an appeal is not permissible under the provisions of our Code, except in the case of an appeal from a judgment and from an order denying or granting a new trial, made after judgment. In the latter class of cases this court has held that such appeals constitute in effect but one appeal and may be combined in one notice of appeal. Hawkins v. Hubbard, 2 S. D. 631, 51 N. W. 774; Kountz v. Kountz, 15 S. D. 66, 87 N. W. 523; McVay v. Bridgman, 17 S. D. 424, 97 N. W. 20. But, where the appeal is from the judgment and from any other order made after the judgment, such appeal cannot be taken in the same notice of appeal and upon the same undertaking. Hackett v. Gunderson, 1 S. D. 479, 47 N. W. 546; Williams v. Williams, 6 S. D. 289, 61 N. W. 38; Anderson v. Hultman, 12 S. D. 105, 80 N. W. 165.

The attempted appeal in this case, being a double appeal, must be dismissed; and it is so ordered.

HANEY, J., dissents.