## NATIONAL SURETY CO. v. CRANMER.

On notice of appeal from a default judgment from an order denying defendant's motion to dismiss, and from an order denying a motion to vacate the judgment, the appellate court is without authority to allow an amendment to the notice by striking out the appeal from the judgment and from the order denying the motion to

dismiss so as to leave the notice effectual as an appeal from the order denying the motion to vacate.

Under the express provisions of Code Civ. Proc. §§ 461, 551, the court is without power to enlarge the time within which an appeal must be taken.

A single notice of appeal from a default judgment, from an order denying a motion to dismiss, and from an order denying a motion to vacate the judgment will be dismissed for duplicity or misjoinder of appeals.

(Opinion filed June 21, 1911.)

Appeal from Circuit Court, Brown County. Hon. FRANK McNULTY, Judge.

Action by the National Surety Company against S. H. Cranmer. Judgment for plaintiff, and defendant appeals. Appeal dismissed.

*Amos N. Goodman,* for appellant. *Taubman & Williamson,* for respondent.

CORSON, J. This is an appeal by the defendant from a judgment entered in the circuit court of Brown county and from two orders made therein. The action was instituted by the plaintiff to recover of the defendant a money demand, and complaint was duly verified. The action was commenced by the service of summons on October 17, 1910. On November 19, 1910, and after time for answering had expired in said action, defendant attempted to serve a notice of appearance and a demand for a copy of complaint on the respondent. Thereafter on November 21, 1910, the court entered judgment by default in said action. Thereafter appellant made a motion to the court to open said default judgment and for leave to answer; and on December 3, 1910, the court denied said motion. Thereafter appellant moved the court to dismiss said action for failure of respondent to serve a copy of complaint, which motion was by the court also denied. Appellant, on February 3, 1911, attempted to perfect an appeal to this court from the default judgment, and from the order denying appellant's motion to open said default, and from the order overruling defendant's motion to dismiss said action, by serving and filing a single notice of appeal and a single undertaking on appeal.

On the 21st day of February, 1911, the respondent obtained an order to show cause why the said appeal should not be dismissed upon the following grounds: "(1) That the appellant has failed to comply with rule 6 of the Rules of the Supreme Court, 22 S. D. 2, [124 N. W. vii], in that appellant did not within ten (10) days after the appeal, as affiant is informed, cause to be transmitted to this court a copy of such notice of appeal with the fees required by law. (2) That the appellant herein has attempted to perfect an appeal from judgment in said action and from two separate distinct appealable orders which could not be united in one appeal, by serving and filing a single notice of appeal and a single undertaking on appeal."

Subsequently to the respondent's obtaining this order, the appellant moved in this court for leave to amend his notice of appeal therein by striking therefrom the words: "That the defendant, S. H. Cranmer, in the above-entitled action, appeals from the whole of the judgment entered on the twenty-first day of November, A. D. 1910, in favor of the plaintiff, against the defendant," and also to amend said notice of appeal by striking therefrom the words: "You are also notified that the defendant appeals from the whole of the order of the circuit court made under date of the thirteenth day of December, A. D. 1910, * * * denying the defendant's motion for judgment dismissing said action and for costs therein," for the following reasons: That the foregoing words sought to be stricken from said notice were inserted therein through mistake, inadvertence, and excusable neglect of the appellant and his attorney herein; and the appellant states in his affidavit that this appeal has been taken and prosecuted in good faith, and it is necessary to strike from the notice herein the foregoing words to conform to the rules of this court, and to further the ends of justice herein. The motion of respondent to dismiss the appeal, and the motion of the appellant to amend his notice of appeal, were submitted to the court and taken under advisement, and the case has also been submitted to the court upon the merits upon proper abstracts and briefs.

The first question presented, therefore, is: Is this court authorized to amend the notice of appeal by striking therefrom the

appeal as to the judgment, and as to the order denying appellant's motion to dismiss the action in the court below?

[1, 2] It is contended by the respondent that this court is not authorized to permit the amendment to a notice of appeal by striking therefrom the appeal from the judgment and from one of the orders. This is a new question in this court, but we are inclined to take the view that the respondent is right in his contention, and that no authority is vested in this court to amend the notice of appeal in the manner suggested by the appellant. The evident object of the proposed amendment is to render the notice effectual as an appeal from the order denying defendant's motion to vacate the default judgment, entered December 5, 1910. If the notice operated as an appeal from such order, it requires no amendment. If it did not so operate, no appeal was taken therefrom during the statutory period, and this court is without power to enlarge such period. Rev. Code Civ. Proc. §§ 461, 551; Brooks v. Bigelow, 9 S. D. 179, 68 N. W. 286.

[3] This brings us to the second question presented, viz.: Is the appeal attempted to be taken from the judgment and the two appealable orders permissible under the decisions of this court? This court held in the case of Hackett v. Gunderson, 1 S. D. 479, 47 N. W. 546, that "an appeal before judgment from an order refusing to set aside a verdict, and to grant a new trial on the ground of insufficiency of the evidence, and from a subsequent order refusing the same relief on the ground of newly discovered evidence, is a double appeal, and will be dismissed on motion." The court in this opinion says: "This appeal is from both of said orders. Respondent moves to dismiss the same on the ground of duplicity, that, each of said orders being the subject of an independent appeal, they cannot be thus combined and brought up for review upon a single appeal. * * * This rule appears to be well established in Wisconsin, from which state our statute on appeals is taken"—citing Sewing Machine Co. v. Gurnee, 38 Wis. 533; Ballou v. Railroad Co., 53 Wis. 150, 10 N. W. 87. And the law as laid down in the opinion in that case was followed in the case of Williams v. Williams, 6 S. D. 284, 61 N. W. 38;.

Anderson v. Hultman, 12 S. D. 105, 80 N. W. 165; Gordon v. Kelley, 20 S. D. 70, 104 N. W. 605.

The same view has been taken by the Supreme Court of North Dakota in Prondzinski v. Garbutt, 9 N. D. 239, 83 N. W. 23. In that case the learned Supreme Court of North Dakota says: "Under the notice the defendant has attempted by one notice of appeal to take two wholly independent appeals to this court. This cannot be done under the rule established by the Wisconsin cases cited below, which cases we would be inclined to follow, inasmuch as the present appeal law of this state is taken chiefly from the laws of the state of Wisconsin regulating appeals, and the cases were decided before the law was adopted in North Dakota. See White v. Appleton, 14 Wis. 190; Chamberlain v. Sage, 14 Wis. 193; Noble v. Strachan, 32 Wis. 314. See, also, Hackett v. Gunderson, 1 S. D. 479, 47 N. W. 546; Anderson v. Hultman, 12 S. D. 105, 80 N. W. 165. At the present term a motion to dismiss an appeal upon this ground, viz., duplicity, was made, and granted by this court."

Following the decisions of this court, therefore, in analogous cases, the appeal is dismissed.