ONTJES, Appellant, v. THOMAS, Respondent.

(184 N. W. 795.)

(File No. 4970.    Opinion filed October 19, 1921.)

1.  **Appeals—Order Made After Judgment Refusing Application to Amend Complaint, Whether Appealable—Statute—Notice of Appeal, Reference to Order In, Whether Surplusage.**

    An order refusing a motion to serve and file proposed amended complaint, which order is made after entry of judgment, is not an appealable order; hence reference to such order in notice of appeal is surplusage. So held, where notice of appeal dis-

closes that such order was made after judgment, which is still in force; the only subdivision of Sec. 3168, Code 1919, under which respondent could claim the order to be subject to review being Subd. 2, specifying as to reviewable "a final order affecting a substantial right, made * * * upon a summary application in an action after judgment" and such order was not one affecting a substantial right, since to allow such an amendment after judgment would be an empty privilege.

2. **Same—Order Refusing to Vacate Judgment, Whether Appealable.**

An order refusing to vacate a judgment is reviewable under said subdivision of Sec. 3168.

3. **Same—Appeal from Judgment, Whether Order After Judgment Reviewable—Exception to Rule.**

An appeal from a judgment brings up for review no order made after judgment save an order denying a new trial.

4. **Appeals—Order Refusing to Vacate Judgment, Non-appearance of Order in Record, Recital of Order in Appeal Notice, Effect— Whether Appeal Notice Creates Double Appeal.**

On appeal from an order refusing to vacate a judgment, the appeal record failing to show such order, **held.** that the erroneous reference to such order in the notice of appeal is ineffectual; and such notice of appeal cannot confer jurisdiction on this Court to review something having no existence. Therefore **held,** further, that the reference to such order refusing to vacate, being unavailing, the notice of appeal from the judgment and from an order made after judgment denying a motion to serve and file amended complaint, was not a double appeal.

Smith and McCoy, JJ., not sitting.

Appeal from Circuit Court, Aurora County. Hon FRANK B. SMITH, Judge.

Action by William Ontjes, against G. J. Thomas. From a judgment for defendant, from an order refusing to vacate the judgment, from an order denying plaintiff's motion to serve and file a proposed amended complaint, and from an order denying new trial, plaintiff appeals. On motion to dismiss appeal. Motion denied.

*Porter & Bartlett,* for Appellant.

*Jones, Muller & Conway,* and *Spangler & Wire,* for Respondent.

WHITING, J. The notice of appeal herein recites that such appeal is from the judgment (giving the date of entry thereof), from the order refusing to vacate said judgment, from the order denying plaintiff's motion to serve and file his proposed amended complaint (giving the date of such order, which is subsequent to

the entry of judgment), and from the order overruling the motion for new trial. Respondent moves to dismiss this appeal upon the ground that it is an attempt to take a triple appeal—respondent contending that an appeal from a judgment, from an order refusing to vacate a judgment, and from an order, made after judgment, denying a motion to serve and file an amended complaint, are three separate appeals and cannot be combined. Respondent concedes that an appeal from an order denying a new trial could be combined with an appeal from a judgment.

[1] Appellant contends that an order made after judgment for defendant, which order refuses an application to amend the complaint, is not an appealable order, and therefore reference to such order in the notice of appeal is but surplusage and cannot affect the validity of the appeal. In such contention, appellant is correct, at least where the notice of appeal discloses that the order refusing the amendment was made after judgment, and that such judgment was in force when the order refusing the amendment was made. The only subdivision of section 3168, R. C. 1919—the statute declaring what orders are reviewable on appeal—under which respondent could claim such order to be subject to review on appeal—is subdivision 2, which specifies as so reviewable:

"A final order affecting a substantial right, made * * * upon a summary application in an action after judgment."

The order sought was in no sense an order affecting a substantial right—to allow a party against whom a judgment has been entered and remains in force, to amend his pleading would be to grant an empty privilege.

[2, 3] But an order refusing to vacate a judgment is such an order as is contemplated by the above subdivision to said section 3168. White v. White, 167 Wis. 615, 168 N. W. 704. That an appeal from a judgment cannot bring up for review any order made after such judgment is clear. This court has held, and we must consider it the settled law of this state, that the only order made after judgment that can be reviewed with such judgment under one notice of appeal, is an order denying a new trial. Gordon v. Kelley, 20 S. D. 70, 104 N. W. 605. In Gordon v. Kelley, as in this case, the appellant attempted, by one notice of appeal, to appeal from a judgment and from an order refusing to vacate

such judgment. A like holding was made by this court in National Surety Co. v. Cranmer, 27 S. D. 515, 131 N. W. 864.

[4]   But the record herein discloses that the trial court never made any order refusing to vacate the judgment; and appellant contends that, because of such fact, there was no order to appeal from; that the erroneous reference, in the notice of appeal, to an order which had no existence was of no effect whatsoever; and that, therefore, there was no double appeal. Respondent contends that appellant cannot be heard to question the correctness of the statements in his notice of appeal, and that, therefore, for the purposes of this motion, it must be assumed that the trial court did make an order refusing to vacate the judgment. Let us suppose that the notice of appeal set forth only that the appeal was from an order refusing to vacate a judgment, and that, as a matter of fact, no such order had been made. Would such a notice of appeal confer jurisdiction on this court, other than jurisdiction to dismiss the purported appeal? Clearly not. A notice of appeal cannot confer upon this court jurisdiction to review something having no existence. As an instrument creating a power of review, such a notice would be a nullity. This court could not acquire jurisdiction to review something having no existence, merely because a party erroneously asserted that it did exist; jurisdiction of that kind cannot be based upon estoppel or upon anything in the nature of estoppel. It follows that the reference, in the notice before us, to the alleged order vacating the judgment was, in the absence of such an order, of no effect whatever—standing alone it could confer no jurisdiction, it could effectuate no appeal, and, therefore, could not, in this notice, be the means of effectuating a double appeal.

The motion to dismiss is denied.

SMITH and McCOY, JJ., not sitting.