MORRISON and SKAUG, Respondents, v. CONNERY, et al, Appellants

(223 N. W. 210.)

(File No. 6833. Opinion filed January 26, 1929.)

*Lewis W. Bicknell,* of Webster, and *Wm. M. Potts,* of Mobridge, for Appellant.

*Morrison & Skaug,* of Mobridge, pro se.

BURCH, J. This cause is before us at this time on an order to show cause why the appeal should not be dismissed. Proceedings were had in the circuit court of Dewey county by plaintiffs against defendant, in which defendant interposed a demurrer to the complaint. The demurrer was stricken as frivolous, and judgment for plaintiff entered on the complaint. Afterwards defendant moved to vacate the judgment and for leave to answer. This motion was denied. Defendant then moved for a new trial, and that was denied. Thereupon defendant appealed to this court, serving a notice of appeal as follows:

"Please take notice: That the above named defendant and appellant feeling aggrieved thereby, hereby appeals to the Supreme Court of the State of South Dakota from the judgment rendered and entered in the above entitled action in the above named Court, dated August 10th, 1928, and filed August 25th, 1928, and from the order of said Court dated August 10th, 1928, filed August 25th, 1928, striking defendant's demurrer as frivolous and granting judgment in favor of the plaintiffs; and from the order of this Court dated September 28th, 1928, filed October 5th, 1928, refusing to vacate the said judgment and relieve defendant from her default and permit her to file answer, and from the ruling of said Court dated August 28th, 1928, denying defendant's application for an

Order to Show Cause and from the Order Denying Defendant's Motion for New Trial dated October 23rd, 1928, and defendant appeals from the whole of each thereof."

It is claimed this notice is duplicitous and includes an appeal from more than one appealable order or judgment and is therefore ineffectual for any purpose. Respondents, applicants for the show cause order, rely upon a number of decisions of this court refusing to entertain double appeals and dismissing such attempted appeals. This court has consistently held that an appeal from an order denying a new trial, coupled with an appeal from a judgment, is proper. No objection is made on that score, but respondents insist that, in addition to the appeal from the judgment and order overruling a motion for new trial, other appealable orders are included; namely, an order striking the demurrer as frivolous, an order refusing to vacate the judgment and allow answer, and a ruling denying a show cause order. The order striking the demurrer as frivolous though appealable may be reviewed on appeal from the judgment. We know of no law permitting an appeal from a mere ruling. An appeal from an order denying a motion to vacate a default judgment is appealable. But, from a reading of the notice of appeal, it is apparent that appellant was attempting to appeal from the judgment and recited in the notice the several proceedings, rulings, and orders affecting the judgment. This was improper, except as to the order denying a new trial, but we do not think it was fatal to the appeal from the judgment in this case.

We realize the importance of settled uniform practice. This court has held repeatedly that an appeal cannot be taken from two separate and distinct appealable orders under one notice and undertaking as a single appeal. Hackett v. Gunderson, 1 S. D. 479, 47 N. W. 546; Anderson v. Hultman, 12 S. D. 105, 80 N. W. 165; Gordon v. Kelley, 20 S. D. 70, 104 N. W. 605; National Surety Co. v. Cranmer, 27 S. D. 515, 131 N. W. 864. An apparent exception to this rule is that an appeal from a judgment and from an order denying a new trial may be included in one appeal. Hawkins v. Hubbard, 2 S. D. 631, 51 N. W. 774; Kountz v. Kountz, 15 S. D. 66, 87 N. W. 523; McVay v. Bridgman, 17 S. D. 424, 97 N. W. 20. In Hackett v. Gunderson, supra, two separate motions for new trial were made before judgment, one on the grounds of insufficiency of the evidence and one on the ground of newly dis-

covered evidence. Separate orders were entered denying each motion. A single appeal was attempted to be taken from both orders. It was held that that could not be done. But there was no appeal from the judgment. If there had been, then both orders could have been reviewed in the appeal from the judgment, and, if the two orders had been included in the notice appealing from the judgment being already reviewable without mention, we think mentioning them would be surplusage. This precise question has not heretofore been decided.

 In the instant case an appeal from the judgment is taken and the order striking the demurrer is reviewable thereunder, without mention in the notice. Mentioning it in the notice of appeal is therefore not fatal, but that portion of the notice is surplusage. The reference to the *ruling* is plainly surplusage as that is not an appealable order. The only other order that can affect the appeal is that mentioned as an appeal from an order refusing to vacate the judgment and allow defendant to answer. That is plainly an appealable order under subdivision 4, § 3168, R. C. 1919, but, when we consider what was sought in the motion and what was denied by the order, it is apparent that nothing was involved in that appeal that is not presented in the appeal from the judgment. The court struck defendant's demurrer as frivolous, and entered judgment on the complaint. The propriety of this action is presented on the appeal from the judgment. In the motion to vacate, the court was urged to reconsider his action, set aside the judgment, and allow defendant to answer. It was not to vacate the judgment because of inadvertence, mistake, or excusable neglect, involving new issues, but a mere request for reconsideration. In character it is similar to a motion for a new trial. A motion for new trial is a motion for a re-examination of an issue of fact. Section 2554, R. C. 1919. This motion was for a re-examination of an issue of law. The questions are all reviewable on the appeal from the judgment. If the court erred in his ruling striking the demurrer, the error remains the same when he refuses to change his mind. Under such circumstances we think the reference in the notice of appeal to the order refusing to vacate is also surplusage, and that the appeal is not duplicitous, but presents only questions reviewable in the appeal from the judgment and order denying a new trial. There is too much surplusage in the notice of appeal,

and it is not commended, but we do not think it is fatally defective. In Williams v. Williams, 6 S. D. 284, 61 N. W. 38, a notice of appeal from a judgment and an order denying a new trial, included an order for temporary alimony. This court, without passing upon the appealability of the order for temporary alimony, held that that portion of the notice should be treated as surplusage, saying: "The evident purpose and intention of the appeal is to obtain a review of the judgment. Where the principal object of taking the appeal is so apparent from the record, we think this court is justified in presuming that the appeal was intended to be taken from the judgment, and not from the order granting temporary alimony." For a better reason this court is justified in presuming this appeal to be from the judgment, where all questions sought to be presented are reviewable under such appeal.

In open court appellant's attorneys moved to strike from the notice of appeal the portions above mentioned as surplusage. This motion is granted on the ground that the same is surplusage and incumbers the record. In thus allowing the motion we do not want to be understood as holding that a notice of appeal can be amended to cure a defect and render it effective where it would otherwise be duplicitous. The motion is allowed to clear the record and expunge such surplus matter. We hope that in the future attorneys will refrain from including unnecessary matter in a notice of appeal. It is not only confusing but perilous.

The application to dismiss the appeal is denied. Respondents are allowed 30 days in which to serve and file their brief.

SHERWOOD, P. J., and POLLEY and CAMPBELL, JJ., concur.

BROWN, J., not participating.