ROBINSON, Respondent, v. GLOVER, et al (Ind. School Dist. of Martin, Garnishee), Appellants.

(239 N. W. 848.)

(File No. 7268. Opinion filed December 19, 1931.)

*Chas. S. Eastman* and *G. C. Caylor,* both of Hot Springs, for Appellants.

*W. J. Hooper,* of Gregory, for Respondent.

CAMPBELL, J. Plaintiff instituted this action below against the defendants, residents of Nebraska, and undertook to serve the defendants in Nebraska. Defendants, questioning the sufficiency of the service, entered an appearance, which they maintain was a special appearance only, objecting to the jurisdiction of the court. Plaintiff, after the expiration of time for answer, applied to the court for default judgment, and, upon the theory that the attempted special appearance was in fact a general appearance, gave defendants six days' notice of the application for default judgment, as contemplated by the last sentence of subdivision 2, § 2485, R. C. 1919.

The learned trial judge (whether rightly or wrongly we need not now inquire and do not decide) adopted the theory of plaintiff, that defendant's attempted special appearance amounted in fact to a general appearance, sufficient to confer jurisdiction if jurisdiction had not previously been acquired by legal service of process, and on April 9, 1931, pursuant to plaintiff's application for judgment, instead of proceeding directly to enter judgment for plaintiff, made and entered an order that "the plaintiff have judgment against the defendants for the amount demanded in the complaint unless the defendants shall within thirty days from this date serve an answer in said action to said complaint, in which case the said action is set for trial at the regular May, 1931, term of said court."

Thereupon defendants served and filed notice of appeal to the Supreme Court "from the order and judgment of the said circuit court made on the 9th day of April, 1931," and also an undertaking for costs on appeal, reciting as follows:

"Whereas, on the 9 day of April, 1931, the Circuit Court within and for Bennett County, South Dakota, the above named plaintiff and respondent, recovered a judgment against the above named defendants and appellants for the sum of Six Hundred and fifty

(650.00) Dollars and interest thereon at the rate of 7% per annum from September 1, 1929, and costs.

"And the above named defendants and appellants feeling aggrieved thereby, intend to appeal therefrom to the Supreme Court of the State of South Dakota.

"Now, therefore, We, the Fidelity and Deposit Company of Maryland, a corporation, do hereby undertake and agree that the said appellants will pay all costs and damages which may be awarded against the appellants on the appeal, or an a dismissal thereof, not exceeding Two Hundred and fifty ($250.00) Dollars."

After the serving and filing of said notice of appeal and undertaking (defendants having failed to avail themselves of the permission granted by the order of April 9th to serve an answer), the trial judge, on May 11, 1931, rendered judgment in the case in favor of the plaintiff and against the defendants for the sum of $696.85, with costs of $11.50. Thereafter, and on May 16, 1931, defendants served and filed what they denominate "Amended Notice of Appeal to Supreme Court," which recites that the defendants appeal "from the order and judgment of said circuit court made on the 9 day of April, 1931, * * * and from the whole thereof; and appeals from the judgment of said court rendered therein on the 11 day of May, 1931, and from the whole thereof."

No attempt has been made to amend the undertaking or to serve a new undertaking.

 The amended notice attempts by the one instrument and as one appeal to appeal both from the order of April 9 and from the judgment of May 11. If both were properly appealable, the appeal would be duplicitous and must be dismissed on that account. Hackett v. Gunderson, 1 S. D. 479, 47 N. W. 546; Anderson v. Hultman, 12 S. D. 105, 80 N. W. 165; National Surety Co. v. Cranmer, 27 S. D. 515, 131 N. W. 864. The order of April 9, however, is nothing but a mere interlocutory order for judgment to be entered in the future, unless the defendants answer. The order is not final, but contemplates and requires the future entry of formal judgment, and the order is not based on the frivolousness of a demurrer, answer, or reply. Subdivision 4, § 3168. It does not go to the merits, and is not an appealable order under any of the subdivisions of section 3168, R. C. 1919. Therefore the

coupling of notice of appeal from such nonappealable order with notice of appeal from the judgment would not in this case render the appeal duplicitous (Harmdierks v. Smith, 56 S. D. 173, 227 N. W. 845), and such void and ineffective portion of the notice of appeal might be disregarded and treated as surplusage, and the notice of appeal could still stand as a valid notice of appeal from the judgment of May 11. Morrison & Skaug v. Connery, 54 S. D. 329, 223 N. W. 210. If this be done, however, appellants immediately face the difficulty that, so far as concerns the notice of appeal from the judgment of May 11, 1931, there is no undertaking in support thereof. The only undertaking served or filed was executed on May 8, prior to the entry of that judgment, and while said undertaking misdescribes the order of April 9, 1931, by calling it, as hereinbefore indicated, "a judgment against the defendants and appellants for the sum of $650.00," nevertheless it is perfectly plain that the sureties on that undertaking contemplated only an appeal from the order of April 9 (notwithstanding they called it a judgment), and in no manner obligated themselves to respond in costs or otherwise in connection with any appeal from the judgment of May 11.

The situation now presented to this court is therefore as follows: So far as it is attempted to appeal from the order of April 9, 1931, there is merely an ineffective attempt to appeal from a nonappealable order; so far as it is attempted to appeal from the judgment of May 11, 1931, an undertaking is utterly lacking. Consequently this court has no jurisdiction to consider the merits, and the appeal must be, and is, dismissed.

POLLEY, P. J., and ROBERTS and RUDOLPH, JJ., concur.

WARREN, J., not participating.