GRIEVES, Respondent, v. DANAHER, Appellant.

(243 N. W. 916.)

(File No. 7418. Opinion filed August 15, 1932.)

P. A. *Hosford,* of Winner, for Appellant.
*Windsor Doherty,* of Winner, for Respondent.

CAMPBELL, P. J. Appellant above named has attempted by a single notice in writing (section 3146, R. C. 1919) to take an appeal to this court in the above-entitled cause from two separate, disconnected, and appealable orders made and entered in the court below prior to final judgment, to-wit, from an order granting a temporary injunction and from an order overruling a demurrer to the complaint. Prior to the serving and filing of his brief on appeal, but after expiration of the time to appeal from the respective orders, respondent brought on for hearing in this court, pursuant to order to show cause, his motion to dismiss the appeal as duplicitous, which motion is now for disposition.

After the service of the notice of appeal and before making the motion to dismiss, respondent, by his counsel, excepted to the sufficiency of the sureties on the undertaking on appeal, in writing waived all objections to a substituted undertaking thereafter furnished by appellant, and, on two occasions, for the accommodation of appellant's counsel, entered into a written stipulation extending the time for serving and filing appellant's brief on appeal, and thereafter accepted service of appellant's brief.

■■ Whatever may be the practice in other jurisdictions, it has been the rule in this state, almost since statehood, that two independent separate appealable orders cannot be united and made the subject of one appeal, and an effort so to do lays the entire appeal open to dismissal for duplicity. Hackett v. Gunderson (1891) 1 S. D. 479, 47 N. W. 546; Williams v. Williams (1894) 6 S. D. 284, 61 N. W. 38; Anderson v. Hultman (1899) 12 S. D. 105, 80 N. W. 165; Gordon v. Kelley (1905) 20 S. D. 70, 104 N. W. 605; Nat. Surety Co. v. Cranmer (1911) 27 S. D. 515, 131 N. W. 864; Robinson v. Glover (1931) 59 S. D. 332, 239 N.W. 848.

The rule does not apply to an appeal from a judgment and from an order subsequent to the judgment denying or granting new trial. Hawkins v. Hubbard (1892) 2 S. D. 631, 51 N. W. 774; Kountz v. Kountz (1901) 15 S. D. 66, 87 N. W. 523; McVay v. Bridgman (1903) 17 S. D. 424, 97 N. W. 20; Fuller v. Anderson (1926) 50 S. D. 568, 210 N. W. 992. And apparently, if the same question is presented to the appellate court for review by appeal from either of two orders joined in one notice of appeal, the appeal will not be bad for duplicity. City of Sioux Falls v. Mansors (1918) 41 S. D. 105, 168 N. W. 751. And, where one of the orders sought to be appealed from in the single notice can be reviewed on appeal from the other, or is for any reason unappealable, the portion of the notice purporting to appeal therefrom will be treated as surplusage, and the notice will be held to constitute a good appeal as to the other order or judgment. Williams v. Williams (1894) 6 S. D. 284, 61 N. W. 38; Granger v. Roll (1895) 6 S. D. 611, 62 N. W. 970; Meade County Bank v. Decker (1904) 17 S. D. 590, 98 N. W. 86; State ex rel. Hitchcock v. Till (1926) · 50 S. D. 346, 210 N. W. 157; Morrison & Skaug v. Connery (1929) 54 S. D. 329, 223 N. W. 210; Harmdierks v. Smith (1929) 56 S. D. 173, 227 N. W. 845.

█ Appellant contends that the orders sought to be appealed from in this case are not separate independent appealable orders within the meaning of the rule above stated. In this contention appellant is plainly in error.

█ Appellant further submits that the rule in this state against double appeals is unsound, and is not, in fact, supported by the authorities from other states, particularly Wisconsin, cited in support thereof in the earlier cases. That question we are not disposed to review. The point is one of practice and procedure. Whether originally sound in theory or not, our rulings have been settled and uniform since 1891. Bearing in mind the importance of settled practice (Morrison & Skaug v. Connery, 54 S. D. 329, 223 N. W. 210), we do not propose to review the merits of the rule at this time or to change it.

█ Appellant further contends that, conceding his attempted appeal to be duplicitous, and conceding that a duplicitous appeal is bad, nevertheless it constitutes a mere irregularity, and the fact

that the notice purports to appeal from two separate independent appealable orders is merely a defect in the notice which can be waived by respondent, and in this case has been waived by respondent by his conduct in admitting the sufficiency of the sureties on the substituted appeal bond, stipulating for extension of time to file appellant's brief, and accepting service of said brief.

Appellant bases his argument on this phase of the matter primarily upon the language of Corson, J., in an opinion on rehearing in the case of Ewing v. Lunn. In that case (21 S. D. 55, 109 N. W. 642) there was an attempt to appeal by a single notice from an order vacating a judgment in favor of appellants and from a subsequent judgment in favor of respondents on a second trial. There was no motion to dismiss the appeal brought on by order to show cause, but what was denominated a "Motion to Dismiss Appeal" was embodied in respondents' brief. When the cause was reached for oral argument in this court, there was no appearance on either side, and the matter was submitted on the printed briefs, and in the first opinion (supra), this court dismissed the appeal. Thereafter a rehearing was granted, and in the opinion on the rehearing ((22 S. D. 95, 115 N. W. 527, 529) the court decided, as a matter of law, that there was no double appeal within the principle of Hackett v. Gunderson, 1 S. D. 479, 47 N. W. 546. for the reason that by expiration of time and participation in a new trial one of the orders attempted to be appealed from was no longer appealable when the notice was served, and the court held therefore that so much of the notice as purported to give notice of an appeal from that order was a nullity and would be regarded as surplusage, and the appeal would be held good as to the judgment embraced in the notice. But, by way of obiter dictum, Corson, J., before proceeding in the opinion on rehearing to hold that there was, as a matter of law, no double appeal, used the following language: "An examination of the record discloses the fact that no notice of a motion to dismiss the appeal was served nor motion made as required by rule 23 of this court, and it further appears from the record that the case was submitted at the April term, 1906, under rule 21, neither party appearing by their attorneys when the case was called for argument. Assuming that there was a double appeal as claimed by the respondent, such double appeal constituted an irregularity only that might be waived by the re-

spondent, and the same was waived by the failure of respondent to serve notice of and make formal motion to dismiss the appeal."

We are of the opinion that this obiter statement was unsound and ill-advised. While that language has not been discussed in subsequent cases, nevertheless our practice has not proceeded along the lines thereby indicated. It has been the position of this court subsequently that a valid notice of appeal within the time prescribed by law is essential to give this court jurisdiction of the subject-matter, that this court has no power to extend the time for taking an appeal by serving the statutory notice, and that a duplicitous notice is ineffectual as to any of the orders or judgments thereby sought to be appealed from. In National Surety Co. v. Cranmer (1911) 27 S. D. 515, 131 N. W. 864, 865, we find an opinion written by the same judge who said in Ewing v. Lunn on rehearing that a duplicitous notice constituted an irregularity only. He does not in the National Surety Case refer to or discuss the opinion in Ewing v. Lunn, but does, nevertheless, take a position which is absolutely inconsistent with the obiter statement in Ewing v. Lunn. In the National Surety Case there was an attempt to appeal by a single notice from a default judgment, from an order denying appellant's motion to open the default, and from an order overruling defendant's motion for dismissal of the action. Respondent moved in this court, pursuant to order to show cause, for dismissal of the appeal upon the ground, among others, that it was duplicitous. Thereafter appellant moved in this court for leave to amend his notice of appeal by striking therefrom the portion purporting to appeal from the judgment below and the portion purporting to appeal from the order below denying his motion for dismissal of the action, alleging that those portions of the notice were therein through mistake, inadvertence, and excusable neglect. Such motion, if granted, would, of course, have left the notice of appeal standing as a nonduplicitous notice of appeal solely from the order denying appellant's motion to vacate the default judgment. The motion by respondent for dismissal of the appeal on the ground of duplicity, and the motion of appellant for leave to amend his notice of appeal so as to render the same nonduplicitous, came on for hearing at the same time. Manifestly, if the duplicity of the notice was a mere irregularity and a waivable defect, this court would have ample power to permit the

amendment. This court held otherwise, however, and stated, in substance, that it had no power to permit such an amendment, denied the same, and dismissed the appeal on the ground of duplicity, and in that connection the court said: "It is contended by the respondent that this court is not authorized to permit the amendment of a notice of appeal by striking therefrom the appeal from the judgment and from one of the orders. This is a new question in this court, but we are inclined to take the view that the respondent is right in his contention, and that no authority is vested in this court to amend the notice of appeal in the manner suggested by the appellant. The evident object of the proposed amendment is to render the notice effectual as an appeal from the order denying defendant's motion to vacate the default judgment, entered December 5, 1910. If the notice operated as an appeal from such order, it requires no amendment. If it did not so operate, no appeal was taken therefrom during the statutory period, and this court is without power to enlarge such period. Rev. Code Civ. Proc. §§ 461, 551; Brooks v. Bigelow, 9 S. D. 179, 68 N. W. 286."

Such holding is utterly inconsistent with the idea that duplicity in a notice of appeal constitutes a mere irregularity. That a duplicitous notice of appeal affects the jurisdiction of this court over the subject-matter is the inference from the language of this court in State ex rel Hitchcock v. Till (1926) 50 S. D. 346, 210 N. W. 157, 158, wherein this court said, in substance, that a duplicitous notice "should be held ineffectual for any purpose." And it is likewise the clear inference from the language of this court in Morrison & Skaug v. Connery (1929) 54 S. D. 329, 223 N. W. 210, 212, where this court, after holding certain portions of a notice of appeal to be mere surplusage, granted a motion to strike the same, and in that connection this court said: "In open court appellant's attorneys moved to strike from the notice of appeal the portions above mentioned as surplusage. This motion is granted on the ground that the same is surplusage and incumbers the record. In thus allowing the motion we do not want to be understood as holding that a notice of appeal can be amended to cure a defect and render it effective where it would otherwise be duplicitous. The motion is allowed to clear the record and expunge such surplus matter."

We are of the opinion that the notice of appeal in this case is clearly duplicitous. We are further of the opinion that such defect constitutes more than a mere irregularity and goes to the jurisdiction of this court over the subject-matter, and, the time for appeal from the two orders mentioned in the notice having expired, the notice as it now stands must be held ineffectual, and this court would have no power at this time to render the appeal effectual as to either order by striking from the notice all reference to the other.

We think, therefore, that the motion to dismiss the appeal must be granted, and it will be so ordered.

WARREN and RUDOLPH, JJ., concur.

POLLEY and ROBERTS, JJ., absent and not participating.