FENTON, Appellant, v. VANBERGEN, Respondent.

(271 N. W. 419.)

(File No. 8016.   Opinion filed February 23, 1937.)

*Lee H. Cope,* of Yankton, for Appellant.

*J. L. Meighen* and *H. A. Doyle,* both of Yankton, for Respondent.

ROBERTS, J.  This case was tried to the court, resulting in findings, conclusions, and judgment in favor of the defendant, and plaintiff has attempted to take an appeal to this court.  The respondent has brought on for hearing by order to show cause a motion to dismiss the appeal.

That part of the notice of appeal material for our consideration reads as follows:

"Please take Notice that the above named Plaintiff appeals to the Supreme Court of the State of South Dakota, from the judgment of the said Circuit Court entered herein, on the 24th day of April, 1936, and from the whole thereof, and will also ask a review of the motion for judgment in her favor and her motion, for a new trial."

If the notice of appeal is otherwise sufficient, respondent claims that the notice is ineffectual by reason of duplicity.  It has been the rule in this state that including two separate and distinct judgments or orders in one notice of appeal is ground for dismissal.  Hackett v. Gunderson, 1 S. D. 479, 47 N. W. 546; Williams v. Williams, 6 S. D. 284, 61 N. W. 38; Anderson v. Hultman, 12 S. D. 105, 80 N. W. 165; Gordon v. Kelley, 20 S. D. 70, 104 N. W. 605; National Surety Co. v. Cranmer, 27 S. D. 515, 131 N. W. 864; Grieves v. Danaher, 60 S. D. 120, 243 N. W. 916.  The rule does not apply to an appeal from a judgment and from an order subsequent to the judgment denying or granting a new trial.  Hawkins v. Hubbard, 2 S. D. 631, 51 N. W. 774; Kountz v. Kountz, 15 S. D. 66, 87 N. W. 523; McVay v. Bridgman, 17 S. D. 424, 97 N. W. 20; Fuller v. Anderson, 50 S. D. 568, 210 N. W. 992.  And if an order sought to be appealed from presents to the appellate court a question for review which is otherwise reviewable, the portion of the notice purporting to appeal therefrom will be treated as surplusage and the appeal is suffi-

cient as to the other order or judgment. Morrison & Skaug v. Connery, 54 S. D. 329, 223 N. W. 210; Harmdierks v. Smith, 56 S. D. 173, 227 N. W. 845.

■  In the instant case, the notice states that the appeal is from the judgment of the circuit court entered on the 24th day of April, 1936. It also states that the plaintiff will ask a review of the motion for judgment in her favor and motion for a new trial. The right to include the judgment and an order overruling motion for new trial is not questioned, but it is contended that by including an appeal from an order refusing to vacate the judgment renders the notice ineffectual. The refusal of the court to grant the motion presents no question that is not reviewable on the appeal from the judgment. There was not presented on that motion a new issue; the court was not requested to vacate the judgment because of inadvertence, mistake, or excusable neglect. A reconsideration of the rendition of the judgment was sought by appellant. We believe that it is apparent that reference in the notice of appeal to the refusal of the trial court to vacate the judgment is mere surplusage and that the appeal should not be dismissed on the ground of duplicity. Morrison & Skaug v. Connery, supra.

■ ■  Respondent objects to the consideration of plaintiff's appeal from the order denying motion for new trial. The statute, section 3146, Rev. Code 1919, provides that an appeal thereunder "must be taken by serving on the adverse party and filing with the clerk of the court in which the judgment or order appealed from is entered a notice, in writing, signed by the appellant or his attorney, stating the appeal from the same and whether the appeal is from the whole or a part thereof, and if from a part only, specifying the part appealed from." This statute does not prescribe a form for the notice of appeal. The objection urged is that the notice does not in express words state that the appeal is from the order denying motion for new trial. The evidence is not abstracted in the brief of the appellant and assignments of error to the effect that the evidence ·is insufficient to sustain certain findings cannot be considered. This rule is so well established that it is not necessary to review the decisions in support thereof. The other assignments of error made by appellant that by any possibility present questions for review to this court may be heard on the appeal

from the judgment. Under the circumstances, we need not determine whether the notice of appeal is sufficient to confer jurisdiction upon this court to review the action of the trial court upon the motion for new trial.

The application to dismiss the appeal is denied. Respondent is allowed thirty days in which to serve and file her brief.

RUDOLPH, P. J., and POLLEY and WARREN, JJ., concur. SMITH, J., not sitting.