## NORTHWESTERN MORTGAGE TRUST CO. v. ELLIS.

Inasmuch as an appeal from a judgment and order denying a new trial constitutes but one appeal, which may be taken at any time within two years after perfecting a judgment by filing the judgment roll, the right to have the sufficiency of the evidence examined on an appeal from a judgment and order denying a new trial was not lost by failing to appeal within 60 days after receiving notice that an order denying a new trial had been entered.

Rev. Civ. Code, § 1150, subd. 3, provides that if no application of a performance be made by a debtor or creditor application must be made of interest due at the time of performance and then of principal due. Held, that the statute is consistent with the rule for computing interest whereby, when partial payments have been made, the payment is to be applied first to discharge the interest then due, and, if the payment exceeds the interest, the surplus goes towards discharging the principal, and the subsequent interest is to be computed on the balance of principal remaining due, but whereby, if the payment be less than the interest, the surplus of interest due must not be taken to augment the principal, but interest continues on the former principal until the period when the payments, taken together, exceed the interest due, and then the surplus is to be applied towards discharging the principal, and interest is to be computed on the balance.

Where, on appeal in an action on a note, the contrary does not appear, it will be presumed that interest was properly computed.

(Opinion filed, June 13, 1906.)

Appeal from Circuit Court, Spink County. Hon. CHARLES S. WHITING, Judge.

Action by the Northwestern Mortgage Trust Company against A. L. Ellis. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

*N. P. Bromley,* for appellant.  *Sterling & Clark,* for respondent.

FULLER, P. J.   Conformable to a verdict for $573.22 directed by the court in favor of plaintiff in this acion on a promissory note, judgment was entered on the first day of December, 1904, and six months later this appeal was taken therefrom, and from an order overruling a motion for a new trial.   As the appeal from such judgment and order constitues but one appeal, which may be taken at any time within two years after perfecting a judgment by filing the judgment roll, there is no merit in respondent's contention that the right to have the sufficiency of the evidence determined was lost by failing to appeal within 60 days after receiving notice that an

order denying a new trial had been entered. McVay v. Bridgman, 17 S. D. 424, 97 N. W. 20.

It is admitted that on the 15th day of May, 1894, the defendant executed and delivered the promissory note to the Gettysburg State Bank, a corporation of which he was then a stockholder, and that, prior to the transfer of such note to the plaintiff corporation, certain credits amounting to $832.17 were indorsed thereon. All testimony offered to prove payment of the balance due upon the note and in support of a counterclaim being fatally indefinite and clearly incompetent, the trial court directed a verdict in favor of plaintiff for $573.22, and the method by which such aggregate amount of principal and interest was ascertained is assigned as error. Now the only testimony relative to the manner of computing interest, which was stipulated at 12 per cent. per annum from the date of the note until paid, is that of plaintiff's secretary to the effect that interest was computed from the date of the note to the date of the endorsement, and from the amount of the principal and interest due at that time the partial payment was deducted, but there is nothing in the record from which to determine the number of payments or whether either of them was more or less than the interest then due. The witness was properly allowed to testify that $573.22 was due at the time of the trial, and in order to sustain the unsupported claim of counsel for appellant we would have to assume that the respective payments when made were less than the interest then due, and that the surplus of interest was used to augment the principal and that interest was computed on interest. In the absence of anything to the contrary and in support of the action of the court below, it will be presumed that the respective payments when made exceeded accrued interest, and that the surplus was applied towards discharging the principal, and that subsequent interest was computed on the balance of principal remaining due. The rule to which the witness apparently conformed in computing interest is consistent with subdivision 3 of section 1150 of the Revised Civil Code, and is known as the Massachusetts or United States rule, which was correctly announced by Chancellor Kent as follows: "The rule for casting interest when partial payments have been made, is to apply the payment, in the-

first place, to the discharge of the interest then due. If the payment exceeds the interest, the surplus goes towards discharging the principal, and the subsequent interest is to be computed on the balance of principal remaining due. If the payment be less than the interest, the surplus of the interest must not be taken to augment the principal; but interest continues on the former principal until the period when the payments, taken together, exceed the interest due, and then the surplus is to be applied towards discharging the principal, and interest is to be computed on the balance as aforesaid." Connecticut v. Jackson, 7 Am. Dec. 471.

From a careful examination of all that is pointed out and relied upon in the brief of appellant, as reasons for a reversal, we are satisfied that no errors of law occurred at the trial, and the judgment appealed from is affirmed.