# CASES

## ARGUED AND DETERMINED

### IN THE

# Supreme Court of South Dakota

BOSTON INVESTMENT CO., et al., Appellants, v. BOARD OF EDUCATION OF CITY OF HOT SPRINGS, et al., Respondents.

### (144 N. W. 129.)

1. **Interest—Computation—Partial Payments.**

    Civ. Code, Secs. 1417, 1420, respectively, provide that the highest lawful rate of interest under contract shall be 12 per cent.; that unless there is a written contract for a different rate, interest is payable on all moneys at 7 per cent. after due, except on judgments, on which interest shall be at the rate of 7 per cent., but must not be compounded. **Held**, that the manner or method of computing interest, and of applying partial payments on judgments should be the same as on other money obligations; the clause relating to judgments in Sec. 1417 merely excepting them from the class of obligations upon which parties may fix the rate of interest by contract.

2. **Interest—Application of Partial Payments—Method—Judgments.**

    Where partial payments are made on a judgment, the interest on the principal amount should be computed at 7 per cent. to the date of the payment, and then deducted from the payment, the balance of the amount of the payment being applied upon the principal, the amount left after making this deduction being treated as the new principal; this being the method of applying partial payments to ordinary obligations.

(Opinion filed December 5, 1913.)

Appeal from Circuit Court, Fall River County. Hon. LEVI McGEE, Judge.

Mandamus by the Boston Investment Company, a corporation, and others, against the Board of Education of the City of Hot Springs, and Charles F. Sage and others, as members of the board, to compel a levy of taxes to pay an alleged

balance due upon a judgment owned by plaintiffs. From a judgment denying the writ, plaintiffs apeal. Reversed.

*Tibbets, Anderson* and *Baylor,* for Appellants.

Compound interest is against public policy, and is not allowed by the statutes of any state in the Union except when parties contract for compound interest. Interest upon · interest is not allowed except in special cases and the uniform current of decision is against it as being a hard, oppressive exaction and tending to usury. Bouvier's Law Dictionary, Vol. I.

The usual method of computing interest prevails; that when payments are made they are to be applied, first, upon the payment of any interest due, and the surplus, if any, applied upon the principal, which reduced principal thereafter is to bear interest; that where a payment is not sufficient to pay all of the interest due, it is to be applied upon the interest, and the interest remaining unpaid is to be satisfied out of the next payment, the remainder of the next payment to be then applied upon interest which has become due since the first payment, and the surplus, if any, remaining of such second payment then to be applied upon the principal. At no time do plaintiffs by their computation ever add the interest to the principal or in any other way compute any interest upon interest.

Sec. 1420, Civil Code: In casting interest on notes, bonds, etc. upon which partial payments have been made, every payment is to be first applied to keep down the interest, but the interest is never allowed to form a part of the principal so as to carry interest. 2 Wash. C. C. 167; 1 Halst. N. J. 408; 2 Hayw. No. C. 17; 17. Mass. 417; 1 Dall. Penn. 378.

When a partial payment exceeds the amount of interest due when it is made, it is correct to compute the interest to the time of the first payment, add it to the principal, subtract the payment, cast interest on the remainder to the time of the second payment, add it to the remainder, and subtract the second payment, and in like manner from one payment to another, until the time of judgment. 1 Pick. Mass. 194; 4 Hon. & M. Va. 431; 8 Serg. & R. Penn. 458; 2 Wash. C. C. 167; Sec. 3 Wash. C. C. 350, 396; 3 Cow. N. Y. 86.

The same rule applied to judgments, 2 N. H. 169; 8 Serg. & R. Penn. 452.

Chancellor Kent is the author of a leading case upon the method of computing interest. Connecticut v. Jackson, 1st Johns. Chancery 13; 7 Am. Decision 471. This rule has been adopted by practically all of the states in the Union and is known as the "United States Rule." Betcher v. Hodgman, 63 Minn. 30; 56 Am. St. 447; 65 N. W. 96; Hill v. Durand et al. 15 N. W. 390; Peyser et al. v. Myers et al. 32 N. E. 699; In Re Estate Den. 35 Calif. 692; Western Mortgage Trust Co. v. Ellis, 20 S. D. 543; 108 N. W. 22.

*Eastman & Dudley,* and *Wilson & Wilson,* for Respondents.

The method employed by plaintiff in computing interest on a judgment where partial payments had been made thereon, is in violation of the provisions of Sec. 1420 of the civil code of South Dakota. The proper method is as follows: Take the amount of the original judgment, $4511.67, and compute the interest upon it at the rate of 7 per cent per annum from the date thereof to the time of settlement, or the time when the amount due is endeavored to be ascertained. Take each payment and compute the interest thereon from the date of payment to the date of settlement, or the time when amount due upon judgment is endeavored to be ascertained, same as was done on the original judgment, and finally adding together the aggregate amount of the payments and the interest thereon so computed, and deducting the amount of the same from the amount of the original judgment and the interest thereon so computed as aforesaid, the result thereof being the exact amount due on said judgment at any given time. Such amount so found due at the time of settlement or at any given time to bear interest at the same rate if not paid.

This method of computation of interest, where partial payments have been made, has sometimes been called the Connecticut rule.

The law of this state provides that judgments recovered therein shall bear interest at the rate of 7 per cent per annum, etc. The court adopted the wrong method of computation of interest on judgment as provided by Section 1420, of Civil Code, where partial payment has been made thereon.

Judgments alone, are excepted under the statutory provision (Sec. 1417 Civ. Code), for the computation of interest

on all general indebtedness, and by the clause therein, to-wit: "Interest is payable on all monies at the rate of seven per cent per annum, after they become due on any instrument in writing," permits the collection of interest on interest if not paid when due, thereby authorizing the compounding of interest in certain cases.

For distinction between reasons for and places to use Chancellor Kent's rule and the Connecticut rule, see Pearson v. Grice, 8 Florida, page 214; Gay v. Berkey (Mich ) 100 N. W. 920.

POLLEY, J.   This is a proceeding in mandamus. The only question at issue is the method of computing interest and applying payments. It appears from the record in the case, that, on the 18th day of July, 1899, a judgment, in the sum of $4,511.67, of which plaintiffs are now the owners, was entered against the Board of Education of Hot Springs. Thereafter, between the 3d day of February, 1902, and the 1st day of July, 1911, both dates inclusive, the defendants made ten partial payments on the judgment, aggregating $4,511.67, the exact amount of the original judgment, and all of which payments defendants insisted should be applied on the principal of the judgment. When the different payments were made, plaintiffs followed the usual method of applying them on the judgment —known as the Chancellor Kent rule. They computed the interest on the principal at 7 per cent. per annum to the date of payment. This interest was deducted from the payment, and the balance of the amount of payment was applied on the principal. The amount left after making this deduction was treated as the new principal, upon which interest was computed until the next payment was made, which was applied in a similar manner. By this method of computing interest there was left due on the judgment, after the last payment, the sum of $3,247.30. It is the contention of the defendants that this is not the proper method of applying partial payments on a judgment, that interest should be computed upon the full amount of the judgment from the date of its entry until the 16th day of August, 1912, when this action was commenced, and that against the judgment and such interest should be credited the amount of each partial payment, with interest there-

on, at 7 per cent. per annum, from the date of its payment until the time of final settlement. If this latter method were followed, the amount due on the judgment, at the time of the commencement of this action, would be some $1,400 less than the amount claimed to be due by plaintiffs. Moreover, defendants claimed that, having paid the full amount of the original judgment, the balance due was all interest, and, being interest, of course no interest could be computed thereon without violating the law prohibiting the compounding of interest. In other words, defendants claimed to have cancelled their interest bearing obligation and substituted in lieu thereof a non-interest bearing obligation, and this, too, without the consent of the plaintiffs, and without regard to the length of time it was to run before it was paid. It is apparent that, if this method of computing interest and applying partial payments were adopted, it is only a question of time until the interest on defendants' partial payments would wipe out, or exceed, the entire balance due on the judgment. The court sustained defendants' contention, and from the judgment and order overruling plaintiffs' motion for a new trial, plaintiffs appeal.

[1, 2] Defendants' contention is based upon the peculiar wording of sections 1417 and 1420 of the Civil Code. Section 1417 permits the parties to contract for any rate of interest, not exceeding 12 per cent. per annum, and arbitrarily fixes the rate in all cases where it has not been fixed by the contract at 7 per cent. per annum, except on judgments; and section 1420 fixes the rate of interest on all judgments at 7 per cent. per annum, and prohibits the compounding of the interest thereon, in any manner or form. The language of these two sections does not indicate an intent on the part of the lawmakers that the manner of computing interest and applying partial payments on judgments should be other or different from the method applied to other money obligations. The method adopted by the plaintiffs is the one that is followed by almost universal consent, and is the correct rule. It was approved by this court in Northwestern Mortgage Trust Co. v. Ellis, 20 S. D. 543, 108 N. W. 22; Dickson v. Stewart, 71 Neb. 424, 98 N. W. 1085, 115 Am. St. Rep. 596; Connecticut v. Jackson, 1 Johns. Ch. (N. Y.) 13, 7 Am. Dec. 471. The clause relating

to judgments in the second subdivision of section 1417, Civ. Code, is intended to except judgments from the class of obligations upon which parties may fix the rate of interest by contract, and has no reference to the manner of computing interest or of applying partial payments on judgments..

From this it follows that the judgment and order appealed from must be reversed.