Gerald Ronnell Leslie and Elizabeth Mae Leslie v. Commissioner.
Leslie v. Commissioner
Docket No. 3448-68.
United States Tax Court
T.C. Memo 1971-44; 1971 Tax Ct. Memo LEXIS 288; 30 T.C.M. (CCH) 195; March 10, 1971, Filed Gerald Ronnell Leslie, pro se, 108 N.W. 22 Dr. Gainesville, Fla. Robert W. Goodman, for the respondent. FEATHERSTON
Memorandum Findings of Fact and Opinion FEATHERSTON, Judge: Respondent determined a deficiency in petitioners' income tax for 1965 in the amount of $150. The sole issue is whether petitioner Gerald Ronnell Leslie provided more than one-half of the total support for Robert Miles Leslie during 1965. Findings of Fact Gerald Ronnell Leslie (hereinafter referred to as petitioner) and Elizabeth Mae Leslie (hereinafter referred to as Elizabeth), husband and wife, were legal residents of Gainesville, Florida, at *289 the time their petition was filed. They filed their joint income tax return for 1965 with the district director of internal revenue, Oklahoma City, Oklahoma. Robert Miles Leslie (hereinafter Robert), born June 22, 1955, is one of the children of petitioner and his former wife, Virginia Ann Brock (hereinafter Virginia). On September 17, 1962, petitioner and Virginia were granted a divorce by a decree of the Benton Circuit Court, Benton County, Indiana. The decree awarded to Virginia the care and custody of Robert, and ordered petitioner to pay $140 per month to the Clerk of the Benton Circuit Court for the support of Robert and Pamela Ann Leslie (hereinafter Pamela Ann), a minor daughter, whose custody was also awarded to Virginia. In addition, the decree gave petitioner the right of visitation with Robert at all reasonable times and places. In June 1963, petitioner and Virginia jointly petitioned the Benton Circuit Court to allow the removal of the children from Indiana and to further define the visitation rights. Pursuant to this petition, on June 10, 1963, the court modified its earlier decree to permit the children to be removed from Indiana, and redefined petitioner's visitation *290 rights, specifying that he "shall be entitled to have the physical possession" of Robert and Pamela Ann for a period of one month during the summer of each year, beginning with the summer of 1964. In accordance with the modified decree, Robert and Pamela Ann visited petitioner for one month in 1965. During that time petitioner took them and other members of his family on a vacation to Canada. The rest of that year Robert and Pamela Ann resided with Virginia. During 1965, petitioner provided the following items of support for Robert: Payments to Benton Circuit Court
$ 840.00
Medical insurance payments
20.33
Canadian vacation
102.61
Food and clothing
93.33
Entertainment and small gifts 40.00
Total support for Robert furnished by petitioner
$1,096.27
During the same year, Virginia provided the following support for Robert: Rent
$ 780.00
Food and clothing
475.61
Baby-sitting fee
218.19
Medical Expenses: Including tele- phone, transportation, medicine, doctors, laboratory fees, and ortho- pedic shoes
203.25
Moving expense
25.30
Allowance
44.00
Entertainment and small gifts 72.77
Total support provided for Robert by Virginia
$1,819.12
Less support payments furnished by petitioner under court decree 840.00
Total support for Robert furnished by Virginia
$ 979.12
*291 Robert did not contribute to his own support, and he received no support other than the $2,075.39 furnished by petitioner and Virginia. On their 1965 income tax return, petitioner and Elizabeth claimed a dependency exemption deduction for Robert. In the notice of deficiency, respondent disallowed the claimed deduction on the ground that they did not furnish more than one-half of the total support for Robert during the taxable year. Ultimate Finding of Fact Petitioner provided more than one-half of the total support for Robert Miles Leslie during 1965. Opinion Petitioner's claimed dependency exemption deduction for Robert rests upon compliance with sections 151 and 152. [1] Section 151 allows an exemption deduction for each 197 "dependent," and section 152 defines the term "dependent" to include a son of the taxpayer, under 19 years of age, "over half of whose support" is received from the taxpayer. The burden rests upon petitioner to show the total cost of Robert's support and to demonstrate that he furnished more than one-half of that amount. Petitioner has sustained his burden on both points. *292 The total support furnished for Robert was clearly shown from the evidence presented, consisting of petitioner's own testimony and that of Virginia, together with their respective records. From this evidence, we think it is quite clear that petitioner provided more than one-half of Robert's total support. In making our Findings, we adjusted in several respects the support items claimed by petitioner. We did not include the transportation expenses which he incurred when Robert visited him in 1965; nor did we include a proportionate part of the total cost of petitioner's housing expenses during Robert's visit. These expenses were incurred by petitioner in "exercising his personal rights of visitation when he brought the [child] to his own home and he was under no necessity to provide a home for [him]." . We also excluded the cost of savings bonds which petitioner testified he bought for the future education of Robert. While we do not doubt petitioner's intended use of these bonds and we are aware that the separation agreement obligated him to make this provision, the bonds were not cashed or otherwise used to provide support *293 for Robert in 1965. In making our Findings, we have also made certain adjustments to the items of support claimed by Virginia. These changes include a reduction of the baby-sitting fee to more accurately reflect the amount thereof properly attributable to Robert, and certain adjustments to the expenses for telephone calls. From the entire record, we are persuaded that the evidence supports petitioner's claim for the dependency exemption deduction for Robert. Decision will be entered for the petitioners. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. (a) Allowance of Deductions. - In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income. * * *↩