STATE ex rel. ELWOOD S. CORSER v. HUGH R. SCOTT.[1]

October 31, 1902.

Nos. 13,354—(270).

**Nomination by Campaign Committee.**

> A campaign or party committee cannot nominate or designate a candidate, and compel the proper officer to place his name upon the general election ballot as a candidate, under a party name, where it stands admitted that no such party candidate was named upon the primary election ballot, and that no nomination was made by or in behalf of said party at the primary election.

Order of the supreme court directing Hugh R. Scott, as auditor of Hennepin county, to show cause why a writ of mandamus should not issue requiring him to place upon the official ballot of Hennepin county the name of relator as a Democratic candidate for state representative to be voted on at the November, 1902, general election. Order to show cause discharged.

*A. B. Choate*, for petitioner.

*W. B. Douglas*, Attorney General, and *C. W. Somerby*, Assistant Attorney General, for respondent.

COLLINS, J.

The question before us in this controversy is whether a county "campaign committee" can nominate or designate a candidate, and can compel the county auditor to place his name upon the general election ballot as a candidate, under a party name, for the office of state representative from a certain legislative district; it being admitted that no such party candidate was named upon the primary election ballot, and that no nomination was made by or in behalf of said party at the primary election. We are clearly of the opinion that the question will have to be answered in the negative. The only statute which authorizes a campaign or party committee to certify the name of a candidate to be placed upon the ballot is Laws 1899, c. 349, § 25, as amended by Laws 1901, c. 216, § 9. This amended section contains the following clause:

[1] Reported in 91 N. W. 1101.

"No names of candidates, when name was upon the primary election ballot under the provisions of section 4 of this act, shall be placed upon the official election ballot unless such candidates have been chosen in accordance with this act, except in case of a vacancy occasioned by the death, removal or resignation of any candidate so chosen, or arising otherwise, and in such event the campaign or party committee of the same political party, or if there be no such committee, then a mass convention of such party, may fill such vacancy, the name of such new candidate to be certified under oath to the secretary of state or county auditor or auditors, or both, as the case may be, by the chairman and secretary of such committee or convention."

This section is quite confusing, and its construction would be very difficult if it were not permissible to consider the scope and purpose of the entire law. It is provided that no name shall be placed on the ticket "when name was upon the primary election ballot," except in a certain way. Just what the words quoted mean is not perfectly plain. If this language is construed literally, the provision in respect to vacancies applies to only such persons as have been unsuccessful candidates at the primaries. But assuming, as we shall, that the scope of the section is broader, and that under it a campaign or party committee, or a mass convention, may select any otherwise qualified person in case of a vacancy, we pass on to a construction of the entire provision.

The relator contends that there is a vacancy, which may be filled, whenever a political party has failed to have a candidate at the primaries, and has wholly failed to proceed under the law. If the relator's contention is correct, there are at least two methods provided for nominating party candidates: One, through the machinery of the primary election law, and by members of the respective political parties who express their preferences by means of the secret ballot, and with all of the forms of the general election; the other, by the naming of a candidate by a campaign or party committee, or, in case such committee fails to act, by a mass convention.

We cannot believe it was intended by this law that under any circumstances there should be less formality in placing candidates in nomination than there was under the old convention system.

We think the vacancy referred to must arise in some other manner than by default or omission upon the part of the members of a political party. A vacancy must be distinguished from a default or omission to nominate at the primaries. In other words, there can be no vacancy where there has been no nomination. That part, of the section which confers the right upon a committee or a mass convention to make nominations must not be construed, in view of the character of the primary law, so as to defeat its very evident and expressly conceded object and purpose. The old convention system would be much less objectionable and less liable to abuse than would be nominations made by a campaign or party committee, or even by a mass convention. We are convinced that the provision now before us should not be interpreted so as to allow a political party to disregard the general obligation to nominate candidates at the primaries, and then to place party candidates on the ballot, selected by a committee or by a mass convention. We construe this language by applying the general rule that, where there are general words following particular and specific words, the former must be confined to things of the same nature and kind as the latter. In other words, applying the doctrine of ejusdem generis, the expression "arising otherwise" refers only to vacancies of a like nature to those which may occur through the death, removal, or resignation of a candidate,—such, for illustration, as insanity, conviction of a felony, etc. We are confirmed in this view by the fact that further on the statute provides that the name of the "new" candidate is to be certified up. From this it is clearly implied that some person has previously been named by the electors as the nominee; such person being the old candidate, as distinguished from the new.

Again, if the intention had been as relator contends, it would have been very easy for the legislature to grant authority to name a candidate when "for any cause" there had been no nomination. From what has been stated, it is perhaps superfluous for us to say that we have been much influenced in this conclusion by well-settled conviction as to the purpose, object, and design of the primary election law.

Order to show cause discharged.