STATE OF IOWA, EX REL. GEORGE PRATT, Relator, v. THE
    SECRETARY OF STATE OF IOWA, W. C. HAYWARD as
    Secretary of State, Defendant and Appellant.

**Elections:** REFUSAL TO CERTIFY NOMINATION: REMEDY. The courts have
1   no jurisdiction of questions relating to the validity of certificates
    or nomination papers of candidates for state office; the statutes
    create a tribunal consisting of the Secretary of State, Auditor
    of State and Attorney General whose determination of such ques-
    tions is final, and where a candidate is aggrieved with the action
    of the Secretary of State in refusing to accept his nomination
    papers as valid, his remedy is to file his objection thereto as pro-
    vided by statute and thus secure a hearing before that tribunal;
    and where no objection to the action of the Secretary of State in
    refusing to file nomination papers is made his action becomes

**Primary nominations:** AUTHORITY OF PARTY COMMITTEE. The primary
2   law for the nomination of candidates by direct vote is mandatory,
    and in the first instance all nominations required to be made must
    be made in that manner; it is only where there has been a regu-
    lar nomination by direct vote and for some reason a vacancy
    has occurred that a party committee may act in the premises.

*Appeal from Polk District Court.*—HON. HUGH H.
                BRENNAN, Judge.

THURSDAY, FEBRUARY 11, 1909.

THE opinion states the case.—*Reversed.*

*H. W. Byers,* Attorney General, and *George Cosson,*
Assistant Attorney General, for appellant.

*Frank B. Wilson* and *Geo. A. Wilson,* for appellee.

SHERWIN, J.—This is an action of mandamus brought

by George M. Pratt to compel the Secretary of State to certify to the auditors of Adair and Madison Counties his name as the Democratic candidate for senator of the Sixteenth senatorial district of Iowa. The relator obtained a judgment as prayed, and the defendant appeals.

At the June, 1908, primary election, there were four ballots cast for Democratic candidates for the office of senator of the Sixteenth senatorial district of Iowa. Four candidates for the office were voted for. Hence each candidate received but one vote. Abstract returns were duly made to the Secretary of State, and the vote from that senatorial district was canvassed as provided by law. A certificate as to the office of senator was prepared as required by section 1087a22, Code Supp. 1907, and there is evidence in the record tending to show that it was sent to the Chairman of the Democratic central committee for that district and to the auditors of the counties of Adair and Madison; but there is evidence supporting the claim that it was not received by any of the parties named, and, as we understand the record, the trial court so found. No district convention was called or held pursuant to the provisions of section 1087a26, Code Supp. 1907. On the 2d day of October, 1908, the central committee of the senatorial district met and nominated the relator, George M. Pratt, as the Democratic candidate for the office of senator. A certificate of such nomination was tendered for filing at the office of the Secretary of State on the 3d day of October, 1908, but it was rejected, and no certificate was issued by the Secretary thereon.

The first legal proposition presented by the appellant for our determination is that the district court was without jurisdiction to hear and determine the question presented to it. We think this contention must be sustained. Section 1087a1, Code Supp. 1907, provides, among other things, that "the provisions of chapters three and four, title six, . . .

1. ELECTIONS: refusal to certify nominations: remedy.

of the Code shall apply so far as applicable to all such primary elections, the same as general elections, except as hereinafter provided." Section 1103 of the Code is in part as follows: "All objections or other questions arising in relation to certificates of nomination or nomination papers shall be filed with the officer with whom the certificate of nomination or nomination papers to which objection is made are filed. Those with the Secretary of State shall be filed not less than twenty days, and those with other officers not less than eight days, before the day of election, except that nominations to fill vacancies occurring after said time, or in case of nomination made to be voted on at a special election, objections shall be filed within three days after the filing of the certificate or nomination papers. Objections filed with the Secretary of State shall be considered by the Secretary and Auditor of State and Attorney General, and a majority decision shall be final." It says that "all objections or other questions arising in relation to certificates of nomination or nomination papers" shall be filed as therein directed, and that "objections filed with the Secretary of State shall be considered by the Secretary and Auditor of State and Attorney General, and a majority decision shall be final."

The section clearly creates a tribunal for the determination of all questions arising in relation to certificates of nomination or nomination papers, and makes the decision of such tribunal final. In the instant case the question before the Secretary of State related to the validity of the certificate or nomination papers of the relator; and, if he considered the action of the Secretary in refusing to accept as valid and file such nomination papers, he should have filed objections to said action, and thereby secured a hearing before the tribunal created for the purpose.

The purpose of the statute is to afford a prompt review of all questions concerning the validity of certificates of nomination or nomination papers; and the provision

making the decision final was undoubtedly intended to avoid delay and the complications sometimes incident to general judicial proceedings. In his discussion of this statute the appellee overlooks its broad language, and is mistaken when he says that the tribunal created thereby can only act when written objections are filed to nomination papers already filed. Under the construction contended for, no objections could be filed or any questions raised until after filing, no matter how incomplete or insufficient the papers offered might be. In other words, the Secretary would be compelled under the appellee's construction to file everything offered, and such a result was clearly not contemplated by the lawmakers. The Secretary evidently refused to file the appellee's papers upon the ground that no legal nomination had been made. This action might have been questioned or objected to by the appellee in the manner pointed out by the statute, and, he having failed to take such action, the Secretary's action must be held final.

There is no authority in the statute for the nomination made by the district central committee in this case, and the Secretary of State rightly refused to recognize and file the certificate. Section 1087a1 of the Code Supplement of 1907, among other things, provides: "That from and after the passage of this act, the candidates of political parties for all offices which under the law are filed by the direct vote of the voters of this State at the general election in November (except candidates for the office of judge of the Supreme, district and superior courts) . . . shall be nominated by a primary election and delegates to the county conventions of said political parties or organizations and party county committeemen shall be elected at said primary election, at the times and in the manner hereinafter provided." The first requirement of the primary law is that the candidates of political parties

2. Primary nominations: authority of party committee.

for all offices which under the law are filled by the direct vote of the voters of this State at the general election in November shall be nominated by a primary election. This requirement is mandatory, and the method of nomination provided for in the primary statute is exclusive. It follows that the provisions of chapters 3 and 4, title 6, Code, so far as they provided methods of nomination inconsistent with the provisions of the primary enactment, were by that enactment repealed by implication. If this be true, the district central committee had no authority under section 1102 of the Code to nominate the relator for the office of senator for the reason that section 1087a24, in so far as it relates to the matter under consideration, is a substantial re-enactment of the provisions of section 1102 of the Code, and furnishes the only authority in the matter. Section 1087a24 provides that "vacancies occurring after the holding of any primary election occasioned by death, withdrawal or change of residence of any candidate or from any other cause, shall be filled by the party committee for the county, district or State, as the case may be, representing the party in which the vacancy nomination occurs." In our judgment the authority of any party committee is therein limited to cases where nominations have been previously made at the primary, and vacancies have thereafter occurred. This section does not authorize a party committee to make a nomination in the first instance. It is only given power to nominate when the nominee of the primary election is no longer a candidate, and because of such fact a vacancy occurs. *Healey v. Wipf, Secretary* (S. D.) 117 N. W. 521. And no other or greater power was conferred by section 1102 of the Code, and, were we to be governed by that section in this case, we should be compelled to hold the central committee without the power assumed by it. Section 1087a26 provides for nominations by convention when there has been a failure for any reason to nominate a senator at the pri-

mary election. This course was open to the interested parties herein, and they had no right or authority to pro-. ceed as they did.

The judgment of the district court must be, and it is, *reversed.*