STEWART, Plaintiff, v. POLLEY, Secretary of State, Defendant.

(137 N. W. 565.)

**Elections—Primary Elections—Nomination by Primary—Vacancy—Party Committee Nomination.**

Under Laws 1909, Chap. 297, relating to primary nominations, and Sec. 71, concerning nominations to fill vacancies, all party candidates must be nominated at the primary; and no party nominees, other than those selected at the primary, or thereafter selected by the party state convention, or by party state central committee, to fill vacancies occurring after the primary was held, are entitled to places in the party column on the official ballot; and where no candidate of a political party for an office was voted for and nominated at a primary the said party committee may not nominate such party candidate; following Healy v. Wipf, Secretary of State, 22 S. D. 343, 117 N. W. 521.

(Opinion filed September 23, 1912.)

Application for writ of mandamus by Robert P. Stewart against Samuel C. Polley, Secretary of State, requiring defendant, as Secretary of State, to receive and file certificate of nomination of plaintiff as party candidate, etc. A general demurrer to the complaint was filed. Demurrer sustained.

*T. H. Null,* for Plaintiff.

*C. G. Sherwood, S. C. Polley,* and *Royal C. Johnson,* Attorney General, for Defendant.

No brief was filed by either party.

SMITH, J. This is an application in an original proceeding in this court for an order to show cause why a writ of man-

damus should not be granted plaintiff, requiring defendant, as
Secretary of State, to receive and file a certificate of nomination
of plaintiff as the party candidate of the Democratic party for the
office of Supreme Judge of the First Supreme Court district of
this state, and to certify said nomination to the county auditors
of the several counties in the state as the nominee of the Demo-
cratc party for said office. The affidavit for the order to show
cause. among other things, recites that the Democratic party is and
has been for many years an organized political party in the
state of South Dakota, and was such at the time of the primary
election held in this state in June, 1912; that at said primary elec-
tion candidates for nomination on the Democratic ticket for various
state offices were voted for and nominated, but that no candidate
was voted for or nominated at said election by the Democratic vot-
ers for the office of Judge of the Supreme Court for the First Su-
preme Court district; that by resolution adopted at the Democratic
state convention held at Aberdeen, July 2, 1912, the state central
committee of the Democratic party was authorized and empowered
to nominate candidates for any state-office for which no nomination
had been made at the primary election or at the state convention,
and that said committee was authorized by law to fill any vacancy,
that may otherwise occur; that at a meeting of said state central
committee held at Mitchell on he 22d day of July, 1912, a reso-
lution was adopted, by unanimous vote of said central committee,
by which it was resolved "that Robert P. Stewart, of Lawrence
county, South Dakota, be and is hereby nominated for the office of
Supreme Judge of the First Supreme Court district of the state of
South Dakota;" that thereafter a certificate of said nomination was
made and executed, containing full recitals of said proceedings,
and certifying said nomination, which certificate was signed by
James Coffey, as chairman of the state central committee, and
Herbert E. Hitchcock, secretary; that on the 27th day of August,
1912, said certificate of nomination was duly presented to the
defendant at his office in the Capitol at Pierre, with a request that
the same be filed, and that said nomination be certified to the
county auditors as a party nominee of the Democratic party;
that the defendant refused to file said certificate, and refused to
certify said nomination to the county auditors, and prays the

mandatory process of this court, requiring defendant to receive, file, and certify said nomination. Upon the return day, defendant, as Secretary of State, appeared by C. G. Sherwood and S. C. Polley, his attorneys, and by Royal C. Johnson, Attorney General, and demurred to the petition and application for a writ on the grounds, first, that the plaintiff has no legal capacity to sue in this form of action; second, that there was a defect of parties plaintiff, in that the state of South Dakota is not made a party, either by an officer of the state, or upon the relation of the plaintiff; third, that the affidavit and application upon which the order to show cause herein is based do not state facts sufficient to constitute a cause of action against the defendant, nor to justify the court in issuing the writ prayed for, or to grant any relief whatever. The latter is the only ground of demurrer urged by the defendant's counsel.

Section 60, c. 297, Laws of 1909, provides that "any candidate for nomination whose name is printed on the official primary ballot, who receives the highest number of votes cast by the *voters of his party* for any candidate for nomination to the office for which he is a candidate, shall be the nominee of his party for such office. * * *" Section 71, Id., provides: "If for any reason, after a nomination as a party candidate for * * * state office has been made, a vacancy shall occur on or before the date of holding the biennial state convention provided for in this act, such vacancy shall be filled by such state convention. All vacancies occurring after the adjournment of such state convention shall be filled by the state central commitee of such party organization."

In the case of Healey v. Wipf, Secretary of State, 22 S. D. 343, 117 N. W. 521, this court held that the power of the party state central committee to make nominations is limited by this statute to the filling of vacancies *occurring after* the date of holding the primary election and the biennial party conventions provided for in the primary act. The precise question presented in this case is whether any candidate not nominated at the primary election, and not nominated by the party state central committee to fill a vacancy occurring after the holding of the biennial party convention, is entitled to have his name printed on the official ballot as a party nominee. This identical question was presented to this court

in Healey v. Wipf, supra, and is there fully considered and decided by this court.   It was there held that all party candidates for elective offices must be nominated at the primary election held in accordance with the provisions of the primary law, and that no party nominees, other than those selected at the primary election, or thereafter selected by the party state convenion or the party state central committee to fill vacancies occurring "after a nomination as a party candidate has been made," is entitled to a place in the party column on the official ballot.   If this court should adopt the construction of the primary law contended for by plaintiff, it would, in effect, leave the making of party nominations entirely optional with political parties or their individual members.   Under this construction, the refusal or failure of all political parties to make party nominations at the primary election would create vacancies as to all nominations which might be filled by party conventions or state central committees, and the object of primary elections under the law would be defeated, and the holding of such elections would become an idle act.   It is clear to our minds that the main purpose of the Legislature in enacting the primary law was to take the making of all nominations out of the hands of conventions and political central committees, and to require that the people themselves, by their direct votes, should name party nominees; and that the only vacancies contemplated by the Legislature, to be filled by conventions or central committees, are such as may occur after *the people themselves* have made nominations, and vacancies therein have occurred by death, resignation, or otherwise.

We are fully satisfied that this view is in accord with the letter and spirit of the primary law in force in this state, and should be adhered to in this case.   The demurrer to the petition is therefore sustained.