Argued September 13, demurrer sustained September 19, 1916.

## COOVERT *v.* OLCOTT.*

(159 Pac. 974.)

**Elections—Nominations—Method—Powers of Precinct Committeemen —"Political Party."**

1. Section 3333, L. O. L., provides that any political party may, by certificate of nomination, nominate candidates. Section 3359 defines a political party to be an affiliation of electors which at the next general election preceding polled for congressman at least 25 per cent of the entire vote. Section 3343 provides for withdrawal of nominees. Section 3344 provides procedure in case of withdrawal or death. Section 3345 provides that the party nominating a candidate who has withdrawn may fill the vacancy. Section 3367 makes the provision of Sections 3343 and 3344 applicable in case of direct primary nominations only in case of death or removal from the district before election, but in no other case. Section 3389 empowers precinct committeemen to make nominations to fill vacancies among candidates caused by death or removal from the district, but not otherwise. The incumbent

---

*As to power of precinct committeemen to fill vacancies occurring after primaries are held, see note in 41 L. R. A. (N. S.) 1090.

REPORTER.

of office of state senator for the term ending in 1919 resigned in 1916 after the direct primary nominating election. Thereafter on notice a joint convention of precinct committeemen was held, and petitioner was nominated for the vacancy. *Held,* that, as no nomination was made at the direct primary nominating election, and as the vacancy did not occur through death or removal from the district, no nomination could be made to fill the vacancy.

Original proceeding in Supreme Court.

In Banc. Statement by MR. JUSTICE HARRIS.

In 1914 George M. McBride was elected to the office of state senator from the Fourteenth Senatorial District, comprising Clackamas, Columbia and Multnomah Counties, for the term ending January, 1919. On August 3, 1916, he resigned. The direct primary nominating election having already been held on May 19, 1916, a joint convention of the Republican precinct committeemen from the three counties was held on August 29th, pursuant to notice, for the purpose of nominating a Republican candidate for the office made vacant by the resignation so that such candidate could be voted for at the ensuing biennial election which will occur on November 7, 1916. The convention was organized by the election of a presiding officer and a secretary with an attendance of 473 precinct committeemen out of a total of 477 elected from the senatorial district. E. E. Coovert received the votes of 456 of the precinct committeemen, "including the state central committeemen from each of said three counties, each being a central committeeman from his respective county"; and the convention declared that he was the Republican candidate for the unexpired term of the office made vacant by the resignation of George M. McBride. The presiding officer and the secretary of the convention prepared and verified a certificate setting forth the doings of the convention; and on September 1, 1916, the certificate was filed with the Secre-

tary of State, who now refuses to list and certify the name of E. E. Coovert as a Republican nominee.

This court granted an alternative writ of *mandamus* directing the Secretary of State to list and certify the name of E. E. Coovert as a candidate or to show cause for not so doing. The defendant shows cause by demurring to the writ.        DEMURRER SUSTAINED.

*Mr. George M. Brown,* Attorney General, for the demurrer.

*Mr. Charles A. Johns, contra.*

MR. JUSTICE HARRIS delivered the opinion of the court.

1. The Republican party is a political party within the meaning of the direct primary nominating elections law, which was adopted by the people in 1904, and is codified in Sections 3349 to 3391, L. O. L., and amendments, and therefore by the express terms of Section 3359, L. O. L., amended by chapter 108, Laws of 1913, it "shall nominate all its candidates for public office, under the provisions of this law and not in any other manner, and it shall not be allowed to nominate any candidate in the manner provided by Section 3333." Section 3333, L. O. L., was enacted in 1891, and speaks of nominations by "any political party," by assemblies, and by individual electors. Every political party which is subject to the direct primary nominating elections law must nominate all its candidates "under the provisions of this law, and not in any other manner," because the direct primary nominating elections law furnishes the exclusive modes of nomination: *Healey* v. *Wipf,* 22 S. D. 343 (117 N. W. 521). Section 3359 continues by declaring that "the names of

81 Or.—27

candidates for public office nominated under the provisions of this law shall be printed on the official ballots for the ensuing election as the only candidates of the respective parties for such public office." Being subject to the direct primary nominating elections law, the Republican party cannot nominate its candidates in the manner provided by Section 3333 or by an assembly or by individual electors; but its nominations must be made by the persons and in the manner specified by the law. The only persons who are empowered to select candidates for the Republican party are: (1) The members of the party; and (2) their representatives. A party candidate is selected by the direct vote of the members of such party at an election held for that purpose or is chosen by the representatives of the party.

It was impossible for the members of the Républican party to nominate a candidate for the office of senator for the Fourteenth Senatorial District when the direct primary nominating election was held on May 19, 1916, for the reason that George M. McBride had not then resigned and his term of office extended until January, 1919. The members of the Republican party cannot now by their votes nominate a candidate for the office because another direct primary nominating election will not be held until 1918, which will be after the next biennial election for public officers. A Republican candidate could not be nominated on May 19th, and cannot now be nominated by the direct vote of the members of the party, and consequently the question for decision is whether the precinct committeemen, acting as the party representatives, had authority to nominate the petitioner as the candidate of the Republican party.

Provision is made in Section 3389, L. O. L., for the election of party committeemen. Every political party subject to the direct primary nominating elections law elects a committeeman for each election precinct, and the committeeman thus elected "shall be the representative of his political party," and all the committeemen of a county constitute the county central committee of such party. The county central committee elects the county members of the state central committee and of the congressional committee, and the state and congressional committees "shall have the same power to fill all vacancies * * that the county committee has to fill county vacancies. Said county and city central committees shall have the power to make nominations to fill vacancies occurring among the candidates of their respective parties nominated for city or county offices by the primary nominating election, where such vacancy is caused by death or removal from the electoral district, but not otherwise."

Assuming, but not deciding, that the committeemen from the three counties comprising the Fourteenth Senatorial District have power to fill vacancies, then the measure of that power is determined by the authority conferred upon the county central committee to fill county vacancies. Section 3389 provides for only one class of vacancies. Aside from vacancies among committeemen, the only kind of vacancies spoken of are those "occurring among the candidates * * nominated * * by the primary nominating election." The statute affords a method for filling a vacancy among candidates who have been nominated by the members of the party, and no provision whatever is made for filling a vacancy of any other kind by committeemen. The party committeemen can nominate

a candidate to fill a vacancy caused by the death or removal from the electoral district of another person who has previously been nominated by the members of the party; but the representatives of the party are powerless to nominate a candidate for an office unless the members of the party have themselves first nominated a candidate for that office. Moreover, the authority of the committeemen is further restricted to vacancies "caused by the death or removal from the electoral district," and consequently the committeemen cannot select a substitute for a person who has been chosen as a party candidate at a nominating election unless the first nominee dies or removes from the electoral district. The language of the statute is plain and unambiguous; but, apparently for the purpose of making assurance doubly sure, the framers of the enactment emphasized the limitations placed upon the power of precinct committeemen to fill vacancies by declaring that the power could be exercised as restricted by the statute which confers the power, "but not otherwise." Analogous, although not parallel, situations have arisen in other jurisdictions, and the conclusions reached there are in harmony with what is said here: *State* v. *Hayward,* 141 Iowa, 196 (119 N. W. 620); *Corser* v. *Scott,* 87 Minn. 313 (91 N. W. 1101); *Stewart* v. *Polley,* 30 S. D. 54 (137 N. W. 565).

Corroboration of the construction placed on Section 3389 is found in other sections of the statute. The direct primary nominating elections law was adopted by the people in the exercise of the initiative at an election held in 1904: Chapter 1, Laws 1905. Sections 3343 to 3345, inclusive, L. O. L., were enacted in 1891. Section 3343 permits "any person who has been nominated and accepted some nomination" to withdraw his name from nomination by pursuing a prescribed

method.   Section 3344 states that, if any person nom-
inated dies or withdraws before the day fixed by law
for the election of public officers, then the name of
such candidate shall not be placed upon the ballot.
Section 3345 declares that, "if the original nomination
thus vacated was made by a political party," and the
party can reconvene, it may fill the vacancy, or a com-
mittee may fill the vacancy if the party has delegated
the power to such committee.   The provisions of Sec-
tions 3343 and 3344 are made applicable to nomina-
tions under the direct primary law by Section 3367,
L. O. L., "in case of the death of the candidate or his
removal from the * * electoral district," before the
date of the ensuing election, but in no other case; and
in case of such vacancy by death or removal the com-
mittee may fill the vacancy.   It will be noted that Sec-
tions 3343, 3344 and 3345 speak of the death or with-
drawal of any person who has been nominated, and
Section 3367 applies to the death or removal from the
electoral district "of the candidate," and "in no other
case."

The direct primary nominating elections law pro-
vides for the election of precinct committeemen, and
then specifies the powers which they can exercise, and
consequently no power can be exercised by them unless
it is granted by statute.   The law defines in plain and
unambiguous language the extent of the power of pre-
cinct committeemen to make nominations for their
party, and then in language equally plain and unam-
biguous commands that the power to nominate candi-
dates shall not exceed the defined authority.   The
statute must be taken as it is written, regardless of
the results; and if there is need for enlarging the
powers of precinct committeemen the right to enlarge

the authority of party representatives is exercisable by the legislative and not by the judicial department.

The demurrer to the writ is sustained.

                                    DEMURRER SUSTAINED.

MR. JUSTICE EAKIN absent.