STATE ex rel PICTON, Plaintiff, v. DOOLITTLE, County Auditor, Defendant.

(209 N. W. 851.)

(File No. 6285.   Opinion filed July 23, 1926.)

**Elections—New Candidates, Whose Names and Declarations Were Forwarded to County Auditor After Failure of Proposed Candidates to File Declarations, Held Not Entitled to Have Names in Party Column on Ballot, No Vacancy Having Occurred (Rev. Code 1919, §§ 7107, 7122, 7185).**

Under Rev. Code 1919, §§ 7107, 7122, where proposed candidates failed to file declarations required by law, held, new candidates whose names and declarations were thereafter forwarded to county auditor by chairman of proposal committee, were not entitled to have their names in party column on ballot; no vacancy having occurred within meaning of section 7185.

Original proceeding by the State, on the relation of Dave Picton, for writ of mandamus to be directed against H. D. Doolittle, County Auditor of Edmunds County.   Writ denied.

*J. M. Berry,* of Ipswich, for Plaintiff.

*McNamee, O'Keeffe & Stephens,* of Pierre, for Defendant.

POLLEY, J. This is an original proceeding in mandamus, wherein the plaintiff is asking that the defendant, who is county

auditor of Edmunds county, be compelled to place the names of himself and others, on whose behalf the action is brought, on the Republican party ballot as candidates for legislative, county, and district offices, to be voted on at the coming general election.

The Republicans of Edmunds county held their county proposal meeting on the 22d day of December, 1925. At this meeting they proposed candidates for all the legislative, county, and district offices, and filed a certificate of such proposals with the county auditor, as provided by section 7107 R. C., on that day. There were no minority or opposition candidates, and, had the said certificates been filled out and completed as required by law, these candidates would have been the regular Republican candidates at the fall election without being voted on at the March primary election. But these candidates failed to file their declarations, as required by law. Under the provisions of section 7122, no candidate can have his name placed on the ballot as a party candidate unless he files the declaration provided for by that section on or before the 1st day of January following the proposal meeting. On the 4th day of January, 1926, as alleged in plaintiff's petition, the chairman of the said proposal meeting, "believing that a vacancy existed in said representative proposal by reason of said candidates having failed to file said declarations, forwarded to the said defendant. Doolittle, county auditor of Edmunds county, the names of new candidates, their names being designated in a representative party proposal, together with the declaration of each candidate, signed and made a part of said instrument."

It is contended by defendant that this certificate was not filed with any idea of filling vacancies, but for the purpose of curing the omissions in the certificate filed in the 22d day of December. Under the provisions of section 7122, no discretion whatever is vested in the auditor. He is positively forbidden to place the name of any candidate on a party ticket, unless the certificate accompanied by the declaration of such candidate is filed with the auditor on or before the 1st day of January next after the proposal meeting. Therefore, unless a vacancy, as contemplated by section 7185, R. C. 1919, existed, the auditor had no authority to certify plaintiff's name on the party ticket. Section 7185 reads as follows:

*"Vacancy in Committee Proposal—How Filled.* In the event, a vacancy, in a representative proposal by a candidate's death or resignation, or for any other reason a vacancy occurs, between the date of proposal and thirty days before the primary election date, such vacancy may be filled by the chairman of the proposal meeting by forwarding the name of the new candidate, together with his signed declaration, to the secretary of state or county auditor, who shall file the name of the new candidate to fill such vacancy."

This section limits the right of the party chairman to fill such vacancies only as occur "between the date of proposal and thirty days before the primary election date." It does not include vacancies occasioned by the failure to propose a candidate at the meeting, but only such vacancies as were caused by death, resignation, or any other cause between the proposal and 30 days before the primary election date. This is the precise question presented to this court in Healey v. Wipf, 22 S. D. 343, 117 N. W. 521. In that case it was held that the power of the state central committee, which in this case would be the proposal meeting, to make party nominations is limited to filling vacancies occurring after the date of the proposal meeting, and that "no party nominees, other than those selected at the primary election, or thereafter by the party state convention or the party state committee to fill vacancies occurring afer a nomination as a party candidate has been made, is entitled to a place in the party column on the official ballot."

This rule was followed in Stewart v. Polley, 30 S. D. 53, 137 N. W. 565. In this latter case attention is called to the fact that, if party nominations should be made in the manner attempted in that case, and as plaintiff is attempting to do in this case, then a political party might ignore the primary election altogether, and its central committee or convention name the candidates to be voted for at the general elections, and the people generally would have no part in the selection of such candidates.

The plaintiff is not entitled to have his name placed in the Republican column on the ballot, and the relief prayed for is denied.