STATE ex rel HITCHCOCK, Respondent, v. TILL, County Auditor, Appellant.

(210 N. W. 157.)

(File No. 6346.    Opinion filed October 4, 1926.)

1.  **Appeal and Error—Mandamus—In Action for Mandamus, Notice of Appeal From Order Sustaining Demurrer to Answer and From Judgment Held Not Ineffectual, as Double Appeal.**

    In action for mandamus, where court sustained demurrer to answer, and, after defendant's election to stand thereon, without entering a formal judgment, issued a peremptory writ, held, notice of appeal from order sustaining demurrer and from judgment was not ineffectual, as a double appeal; order sustaining demurrer being an intermediate order, and appeal therefrom treated as surplusage.

2.  **Appeal and Error.**

    Notice of appeal, attempting to appeal from two appealable orders, constitutes double appeal, and is ineffectual.

3.  **Elections—Only Candidate for State Senator Proposed at Proposal Meeting, Who Failed to File Declarations Required by Statute, Held Not Entitled to Have Name on Ballot (Rev. Code 1919, §§ 7107, 7122).**

    Where only candidate for state senator proposed at county proposal meeting failed to file declaration required by Rev. Code 1919, §§ 7107, 7122, but after primary election received certificate of nomination, held, certificate was a nullity, and candidate, not having filed declaration, was not entitled to have name on ballot.

Note.—See, Headnote (1) and (2), American Key-Numbered Digest, Appeal and error, Key-No. 15, 3 C. J. 107; (3) Elections, Key-No. 126(4), 20 C. J. Sec. 113.

Appeal from Circuit Court, Davison County; HON. FRANK B. SMITH, Judge.

Action for mandamus by the State, on the relation of Herbert E. Hitchcock, against J. B. Till, as County Auditor of Davison

County. · Judgment for plaintiff, and defendant appeals. Reversed.

*T. J. Spangler* and *H. G. Giddings,* both of Mitchell, for Appellant.

*Hitchcock & Sickel, of Mitchell,* for Respondent.

POLLEY, J. At the Democratic county proposal meeting held in Davison county on the 22d day of December, 1925, the relator herein, Herbert E. Hitchcock, was proposed as the majority candidate for state senator from that county. No minority candidate was proposed. The chairman and the secretary of the said proposal meeting filed with the county auditor a proper certificate of the proposal of relator, within the time prescribed by section 7107, R. C. 1919, but relator failed to file his declaration, as required by sections 7107 and 7122.

After the primary election was held in March, 1926, the canvassing board of said county issued the following certificate:

"March 31, 1926.

"To Herbert E. Hitchcock, Mitchell, South Dakota—Greeting: This is to certify that, under the provisions of the primary law, you have been nominated by the Democratic party as a candidate for the office of state senator, and the undersigned have certified your name as such nominee to be voted for at the November election of 1926. In witness whereof we have hereunto placed our signature and caused the seal of the county to be affixed."

This certificate was properly signed by the county auditor, the clerk of courts, and the county judge, as members of the county canvassing board. A copy of this certificate was delivered to relator on or about the date of its issuance, and the relator assumed that he was the regularly nominated candidate, and that his name would appear in the Democratic column on the ballot at the coming election.

On or about the 31st day of August, 1926, the county auditor prepared the ballot, which contained the name of relator as a candidate for state senator on the Democratic ticket, and sent it to the printer to be printed. On the 7th day of September, the auditor, upon having his attention called to the opinion of this court in the case of State ex rel Picton v. Doolittle, 50 S. D. 298, 209 N.W. 851, directed the printer to omit relator's name from the said ballot, and

advised relator that he had decided not to place relator's name thereon, and that his name would not appear upon such ballot.  Relator thereupon immediately applied to the circuit court for a peremptory writ of mandamus, directing the auditor to place relator's name on the said ballot as the Democratic candidate for the office of state senator.

The auditor answered relator's petition, setting up his reasons for omitting relator's name from the said ballot.  The relator interposed a demurrer to said answer.  The court sustained the demurrer, and, the auditor electing to stand on his answer as it was, the court, without entering a formal judgment, issued a peremptory writ of mandamus, directing the auditor to place the name of relator on the said ballot as the Democratic candidate for the state senate, and the auditor appeals to this court.

[1]  We are met at the outset by a question of practice.  The notice of appeal is as follows:

"Please take notice that the above-named defendant has appealed and does appeal to the Supreme Court of the State of South Dakota from the order of the court, entered September 14, 1926, sustaining the demurrer of plaintiff to the answer of defendant, and from the judgment of said circuit court entered herein on the 14th day of September, 1926, and the whole of said order sustaining demurrer and of said judgment."

Respondent claims that this is an attempt to appeal from the order sustaining the demurrer, which until the entry of final judgment was an appealable order, and from the final judgment, and is therefore a double appeal, and should be held ineffectual for any purpose.  When a notice of appeal attempts to appeal from two appealable orders, it constitutes a double appeal, and will be held to be ineffectual.

[2]  But appellant contends that there is but one appealable order involved, and that the reason why the notice of appeal specified the order sustaining the demurrer and the judgment was because he was in doubt as to whether the peremptory writ of mandamus constituted a final judgment and was appealable; his theory being that, if the peremptory writ constituted a final judgment, then the order sustaining the demurrer was no longer an appealable order, but should be reviewed on appeal from the final

judgment, and the appeal from the order is mere surplusage, and should be disregarded. On the other hand, if the peremptory writ is not a final judgment, it is not appealable, and the order sustaining the demurrer retains its appealability, and the appeal from the writ is mere surplusage, and should be disregarded. Whether the peremptory writ should be issued by the court and treated as a final judgment or whether the court should issue a final judgment directing the issuance of the peremptory writ by the clerk over the seal of the court, is a question on which there seems to be some doubt among the profession. The latter method seems to have prevailed under the old practice; while the statute indicates the former method. In this instance no judgment other than the peremptory writ was issued; therefore it must be treated as the final judgment from which the appeal was taken. This brings up the order sustaining the demurrer as an intermediate order, and the appeal from such order will be treated as surplusage, and be disregarded.

[3] Upon the merits, had the relator filed the declaration provided tor in sections 7107 and 7122, it would have been the duty of respondent, as county auditor to have certified the name ot relator as the party candidate for the state senate. There being no minority candidate proposed, relator's name would not have been placed on the primary ballot. His name would not have been voted on, and there would have been no vote to canvass. Where but one name is proposed as a party candidate, the canvassing board has no duty whatever to perform, and has no jurisdiction over said candidate, and a certificate of nomination issued by said board, such as was issued in this case, is a mere nullity, and confers no authority upon the county auditor to certify the relator's name as a candidate or to place his name on the ballot. While it is true that the canvassing board has jurisdiction to issue nominating certificates to candidates where the vote entitles such candidate to a certificate, it has no jurisdiction to issue a nominating certificate to a party whose name had not been voted on at the primary election, and the certificate issued to relator was a mere nullity. It conferred no authority upon appellant to regard respondent as a candidate for office, or to place his name on the ballot. Neither was he estopped, by any conduct or circumstance disclosed by the record, from causing the removal of respondent's name from the ballot, when he determined that it should not be there.

If the county canvassing board could issue a valid certificate of nomination to a party whose name had not been on the primary election ballot, and who up to that time had no standing as a candidate, it could issue such certificate to any citizen in the county and in that manner nominate a candidate without the intervention of the proposal men or the electors of the county.

Our attention is called to the fact that appellant did not advise respondent that his name would not be placed on the ballot until it was too late for him to have his name placed on the ballot by petition or otherwise. This, of course, is cause for regret, but not a ground for estoppel, nor the basis of a legal right. No fraud or bad faith on the part of appellant is charged, nor is it claimed that he did not follow the law as he understood it at every step of the proceeding.

The judgment appealed from is reversed.

DILLON, J., not present.

CAMPBELL, J. (concurring specially). It is the duty of the county auditor, under section 7236, R. C. 1919, to provide the printed ballots for the general election. Such auditor has notified relator that his (relator's) name will not appear on such ballot as a candidate for the office of state senator, and relator now seeks to compel the auditor in his official capacity as a public officer to place relator's name on such ballot as such candidate. It would appear from the facts that for a time both relator and the auditor thought that relator's name was entitled so to appear. The official duty of the auditor respecting the preparation of the ballot, and the rights of any person to have his name on the ballot as a candidate, are fixed and defined by statute in this state. If relator is to succeed in this proceeding, and have a court issue its mandate to the county auditor, surely relator must affirmatively establish that it is the duty of the auditor in his official capacity to act as relator desires; that is, relator must affirmatively establish a right upon his part to have his name on the ballot.

Relator cannot claim to be a candidate by virtue of his party representative proposal, inasmuch as he failed to complete the certificate of said proposal, by failing to attach his declaration thereto. Section 7122, Code 1919; State ex rel Picton v. Doolittle, 50 S. D. 298, 209 N. W. 857. He is not entitled to have his name upon the

ballot as a candidate named to fill a vacancy under section 7185, Code 1919, because his failure to file his declaration with the original representative proposal did not create a vacancy in contemplation of law, subject to be filled as was attempted in this case. State ex rel. Picton v. Doolittle, supra. Whether a certificate of candidacy from a proper source would be sufficient to compel the auditor to place relator's name on the ballot, regardless of whether the certificate was rightfully or wrongfully issued in point of fact, need not be determined in this case. The county auditor never purported to issue a certificate to the relator as an unopposed candidate, under section 7133, Code 1919. The jurisdiction of the county canvassing board to issue certificates of nomination is limited to candidates who receive their nomination by virtue of a contest in the primary. Such canvassing board has no jurisdiction over the matter of nomination to an office which is not contested in the primary election, and their certificate issued to relator in this case was entirely beyond their authority, and a mere nullity.

Upon final analysis the claim of relator in this case rests upon nothing more than a sort of estoppel. He says in substance that he is now entitled to have his name placed upon the ballot because the county auditor for a considerable period of time, and until it was too late for him to get on the ballot by independent proposal, by acts and conduct deluded relator into the belief that his name would be placed on the ballot. If this were purely an individual matter between relator and the auditor as an individual, an estoppel might be sufficient to allow relator to prevail. However, the public has an interest in who shall be public officers, and who shall be candidates for public office, and our statute provides what names shall appear on the ballot as candidates, and the statute is exclusive. Neither the county auditor nor any other public officer can estop a man's name onto the ballot.

In the first place, relator, dealing with the county auditor as a public officer, must be held to know the scope of the auditor's authority and cannot be heard to say that he relied upon or was deceived by any acts of such public official in excess of his authority. In the second place, the right of the public to have a ballot made up in the manner provided by law, and to have the names of such candidates only thereon as are there placed in the manner and method prescribed by statute, cannot be interfered with by any

acts, conducts, or statements on the part of the county auditor as a public officer.

Relator, having failed to show that he has qualified to have his name upon the ballot in any of the methods prescribed by statute, is not entitled to have his name placed thereon by virtue of any quasi estoppel, by reason of the acts or conduct of the county auditor as a public officer, and I therefore concur in the view that the order appealed from should be reversed.

GATES, P. J. (dissenting). Section 7236, Rev. Code 1919, makes it the duty of the county auditor to place on the ballot for the general election the name of every candidate whose nomination has been certified or filed with the county auditor. Relator was proposed at the Democratic county proposal meeting for the office of state senator. He did not sign the declaration. Thereby a vacancy was believed to exist, and he was certified as the nominee to fill the vacancy. In State ex rel Picton v. Doolittle, 50 S. D. —, 209 N.W. 851, this court held on July 23, 1926, that such could not be done, although previously under a ruling by the Attorney General it had been done. There being no opposition, his name did not appear on the primary ballot. After the primary election the county canvassing board, of which the county auditor is a member, certified that he was the nominee of the Democratic party for the office of state senator. On August 31, 1926, the county auditor prepared the ballot and sent it to the printer. This was after the time for withdrawal, and after the time for independent nomination had expired. On his own motion the county auditor on September 7, directed the printer to omit relator's name from the ballot, and advised relator that his name would not appear thereon.

I am of the opinion that the county auditor has no such interest in the office of state senator as would entitle him to do this. Even if the certificate issued by the canvassing board under the provisions of section 7160, Rev. Code 1919, can only properly apply to candidates whose names are actually on the primary ballot, yet in so far as the county auditor is concerned I think it should be held to amount to a certificate issued by him under the following provision of section 7133, Rev. Code 1919, viz.:

"Provided, that when there is only one name filed in the

office of the county auditor or secretary of state as a proposed candidate for nomination to any one office in any one party, then such candidate, having no opposition, shall be the nominee of his party for the November election for such position and shall be so certified by the county auditor without any primary vote and the name of such candidate, or the office he seeks, shall not be printed upon the primary election ballot of his party."

Without wishing to be understood as holding that the nomination was lawfully made, or that it could not have been successfully attacked by persons interested before the time for independent nominations had expired, I cannot bring myself to the belief that the county auditor could, on his own motion, exclude relator's name from the ballot at the time he attempted to do so. In State ex rel. McNulty v. Glasner, 33 S. D. 241, 145 N. W. 547, we held that the duties of the secretary of state under the law then under consideration were simply ministerial, and that if the proposal petition was in due form he had no alternative than to certify the name of the candidate. I think the situation here is quite parallel to that, whether we consider the certificate of nomination to fill vacancy or the certificate above mentioned, issued by the county canvassing board, or both.

I therefore dissent from that portion of the majority opinion which places such dictatorial powers in the hands of the county auditor.