C. A. ZELLMER, Appellee, v. ED M. SMITH, Secretary of State, Appellant.

OCTOBER 4, 1928.

*John Fletcher*, Attorney-general, and *C. J. Stephens*, Assistant Attorney-general, for appellant.

*Parsons* & *Mills*, for appellee.

EVANS, J.—I. The facts of the case are found in the recitals of the petition and a stipulation of the parties. They are not in controversy. At the last regular primary, the name of no candidate for nomination as democratic candidate for representative appeared upon the printed ballot in Cass County. Sixty-seven votes were cast, however, by means of writing the name of the candidate into the ballot as cast. Of these votes, the plaintiff received 66. Concededly, he failed of nomination at the primary, because his vote was less than 10 per cent of the vote cast for the democratic candidate for governor at the last general election. Thereupon, at the regular county convention of the democratic party, he was duly nominated as such candidate, and his nomination was duly certified to the secretary of state. The secretary of state was of opinion that the nomination was not in conformity to the statute, and that he could not recognize it as such, and so advised the plaintiff. This attitude of the secretary's followed the precedents of the office for many years, and had the support of the department of justice, and it may be stated here that the course thus followed in the office of the secretary of state and supported by the department of justice was in strict accord with the existing statutes as they were prior to the enactment of the Code of 1924. The dispute between the parties is narrowed down to the question whether there was a material change in the statute at this point, made by the fortieth general assembly. A construction of the following sections of the Code of 1924 is involved:

"The candidate of each political party for each office to be filled by vote of the people having received the highest number of votes in the state or district of the state, as the case may be, provided he received not less than thirty-five per cent of all

the votes cast by the party for such office, shall be duly and legally nominated as the candidate of his party for such office, except as provided in the following section." Section 593, Code of 1924.

"A candidate whose name is not printed on the official ballot, must, in order to be nominated, receive such number of votes as will equal at least ten per cent of the whole number of votes cast for governor at the last general election in the state, or district of the state, as the case may be, on the ticket of the party with which such candidate affiliates." Section 594, Code of 1924.

"The said county convention shall: 1. Make nominations of candidates for the party for any office to be filled by the voters of a county when no candidate for such office has been nominated at the preceding primary election *by reason of the failure of any candidate for any such office to receive the legally required number of votes cast by such party therefor. * * *"* Section 624, Code of 1924.

"In no case shall the county convention make a nomination for an office for which *no person was voted for in the primary election of such party*, except nominations to fill vacancies in office when such vacancies occurred too late for the filing of nomination papers." Section 625, Code of 1924.

It will be noted that, by Sections 593 and 594, a candidate may be nominated for an office even though his name may not appear upon the printed ballot, and that this can be accomplished by the writing of his name by the voter into the ballot. In order to obtain a primary nomination, three requisites are made upon the candidate: (1) He must receive the highest number of votes cast by his party for the office; (2) he must receive 35 per cent of such vote; (3) if his name was not upon the printed ballot, he must receive a vote equal to 10 per cent of the vote cast by his party for governor at the last general election. In the case before us, the plaintiff met the first two requisites, but failed as to the third.

The question in dispute is whether the situation presented is covered by that part of Section 624 above quoted, and especially by that part thereof which we have italicized. There was a failure of the plaintiff to receive a primary nomination. The reason for that failure was that he was deficient in the

number of votes to comply with the requisite of 10 per cent of the previous democratic vote for governor. Was this a failure "to receive the legally required number of votes?" The contention on behalf of the defendant is that this proviso of Section 624 has reference only to a failure to obtain 35 per cent, by a candidate whose name appeared upon the printed ballot, and that it has no application to a case where the name of the candidate does not appear upon the printed ballot: that is to say, that Section 624 ignores entirely the case of a candidate who is voted for merely by the writing in of his name. One reason urged for such contention is that such was the former statute, and such was the ruling of the department of justice thereon. The former statute was as follows:

"The said county convention shall make nominations of candidates for the party for any office to be filled by the voters of a county when no candidate for such office has been nominated at the preceding primary election by reason of the failure of any candidate for any such office to *receive thirty-five per centum of all votes cast by such party therefor*, as shown by the canvass of the returns provided for in Section three hundred eighty, and shall select delegates to the next ensuing state and district conventions of that year upon such ratio of representation as may be determined by the party organization for the state, district, or districts of the state, as the case may be, but no delegates shall be so selected to any of the district conventions referred to in Section three hundred eighty-nine, unless a call therefor has been issued as therein provided. The said county convention shall also elect a member of the party central committee for the senatorial and congressional districts composed of more than one county. But in no case shall the county convention make a nomination for an office for which no person was voted for in the primary election of such party." Section 388, Compiled Code of 1919 (Section 1087-a25, Code Supplement, 1913).

It will be noted that the foregoing limited the right of nomination by a party convention to those cases where the candidate failed to receive 35 per cent. The present statute has eliminated such qualification. If the former statute were in force, it would support the present contention of the defend-

ant. But it is argued that the legislative intent, by the adoption of the present statute, was only to re-enact the former statute, and that its changed phraseology should be so construed. We think this contention is untenable. The legislature might well have believed that the former statute was deficient in that it made no provision for a nomination where the primary resulted in no nomination because of the 10 per cent requirement provided in Section 594.

In the case before us, not only was 35 per cent of the vote cast required, but also a vote equal to 10 per cent of the party vote at the last general election. The plaintiff met the 35 per cent requirement, but failed to meet the 10 per cent requirement. Was this a "failure of any candidate for any such office to receive the *legally required number* of votes cast by such party therefor?" We think it was. That the legislature used the words above quoted advisedly, appears from other sections, as well as from Section 624. The identical language is used in other sections. See Section 597 and Paragraph 2 of Section 590. Our interpretation of Section 624 fits into Section 625, above quoted. It will be seen that the prohibition against nomination by a party convention is confined to those cases where "no party was voted for in the primary election." In this case the plaintiff and another were "voted for." The same form of prohibition was contained in the former statute, Section 1087-a25, Code Supplement, 1913, but it was quite inconsistent with the first part of the statute, which affirmatively authorized a party convention to nominate a candidate only when the failure of the primary nomination resulted from the failure to receive 35 per cent of the vote. Perhaps it would be more accurate to say, not that the two parts of the former statute were inconsistent, but that a manifest gap was left between the two provisions. There was an apparent oversight of the case where a candidate was voted for by writing his name upon the ballot. Such a case was not covered in terms by the affirmative power conferred in the first part of the section, nor yet in the specific prohibition contained in the last part thereof.

We think that the enactment of the present Section 624 was intended to cure such oversight and to broaden the first part of the old statute so as to make it apply to a failure of a

primary nomination, whether it resulted from a failure to receive 35 per cent or from a failure to receive 10 per cent of the voting strength of the party.

II. It is urged by the appellant that the nomination by the county convention was illegal, because it had not been preceded by a certification from the secretary of state, under the provisions of Section 596 and 597, Code of 1924. These sections are as follows:

"596. The state board of canvassers shall prepare and certify separate lists of the candidates nominated by each party, as shown by the state canvass, and deliver to the chairman of each party central committee for the state a copy of the list of candidates nominated by the party which said chairman represents."

"597. Said state board shall, at once after completing its canvass, prepare separate certificates for each political party as to each office for which no candidate was nominated because of the failure of any candidate for any such office to receive the legally required number of votes cast by such party for such office. Such certificates shall show the names of the several candidates for each of such offices voted for at the primary election and the number of votes received by each of said candidates."

It does not appear from the record before us that such certification was not duly made. In the absence of a contrary averment and showing, we must assume that the public officer performed his duty in that regard. We have no need, therefore, to consider the effect of a failure of such certification upon the legality of the nomination; and this is especially so in view of our holding that the facts that would necessarily appear in such certification would justify the convention in making the nomination.

III. It is next contended by the appellant that, under Section 592, the action of the secretary of state is final, and not reviewable. This section provides as follows:

"592. The canvass and certificates by the state board of canvassers shall be final as to all candidates named therein."

This section has reference to the canvass and certification required by the preceding Section 591, and has no effect upon the question under consideration here.

IV. As the final word in his brief, the appellant calls our attention to *State ex rel. Pratt v. Secretary of State*, 141 Iowa 196, wherein we held that mandamus would not lie in such a case as this, on the ground that the statute had provided a tribunal for the determination of such questions. If such statutory tribunal were still in existence, we would be required to make the same holding herein. But the legislation creating such tribunal has been wholly repealed, and no statutory tribunal is now provided for the consideration of the question involved herein.

We do not overlook Section 654 of the Code of 1924, wherein a tribunal was provided. However, such section was repealed by Chapter 27, Acts of the Forty-first General Assembly. Nor do we overlook Sections 655-a4, 655-a5, and 655-a6 of the Code of 1927. These sections provide a tribunal, but they have no application to the case under consideration. They are a part of Chapter 37-A1 of the Code of 1927. This chapter announces its subject-matter as "Nominations by *Nonparty* Political Organizations." This chapter is responsive to Section 528, which defines a "political party," within the meaning of the statute, as follows:

"528. The term 'political party' shall mean a party which, at the last preceding general election, cast for its candidate for governor at least two per cent of the total vote cast at said election. A political organization which is not a 'political party' with the meaning of this section may nominate candidates and have the names of such candidates placed upon the official ballot by proceeding under Chapters 37-A1 and 37-A2."

It should be said, also, that the attorney-general does not, in his brief, contend for the application of these sections to the case at bar. We refer to them only to avoid a later misunderstanding or a possible misconception of our holding.

It follows that, in the present state of our legislation, there is no tribunal to which the plaintiff could go, other than to the courts of the state.

It is urged by the appellant that the effect of sustaining

the plaintiff's contention is to put it into the power of party conventions to circumvent the primary law. If this be true, it is so only in a very technical sense. A conscious attempt by any considerable number of members of a party to so circumvent the primary statute would not be an inviting expedient. The attempt could readily be rendered disastrous to the participants by 10 per cent of the voters of the party. Whatever the deficiency of the statute may be at this point, its peril is not imminent, and may readily be avoided by timely legislation.

We reach the conclusion that the district court properly decided the case, and its order is, accordingly,—*Affirmed*.

All the justices concur.